# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2138

_____

Onie Mae Ward,

            Appellee,

      v.

Reginald Moore; Mike Russell;
Ollie Collins,

            Appellants.

\* \* \* \* \* \* \* \* \* \* \*

Appeal from the United States
District Court for the
Eastern District of Arkansas.

[PUBLISHED]

_____

Submitted: April 15, 2005
Filed: July 18, 2005

_____

Before WOLLMAN, HANSEN, and RILEY, Circuit Judges.

_____

HANSEN, Circuit Judge.

Onie Mae Ward sued Reginald Moore, Mike Russell, and Ollie Collins--officers of the Osceola, Arkansas Police Department--for damages under 42 U.S.C. § 1983. The defendants moved for summary judgment on the basis of qualified immunity, and the district court denied their motion. The defendants now bring this interlocutory appeal from the denial of qualified immunity. For the reasons discussed below, we affirm in part, reverse in part, and remand this case to the district court for further proceedings consistent with this opinion.

## I.

Ward filed her initial complaint against Officers Moore and Russell on January 16, 2002. The district court entered a scheduling order that, as relevant, required any motion for summary judgment to be filed by September 13, 2002. On October 17, 2002, with the district court's permission, Ward amended her complaint to add Officer Collins as a defendant and to dismiss a claim against Officer Moore. The district court did not modify the deadline for summary judgment motions.

At a pretrial conference on October 27, 2003, the date that trial was scheduled to begin, Ward moved to amend her complaint a second time to specify that the defendants were being sued in their individual capacities. The district court granted her motion and reset the trial for May 3, 2004. The district court again did not modify the deadline for summary judgment motions.

On March 24, 2004, the defendants moved for summary judgment on the basis of qualified immunity. They attached to their motion a statement of uncontested material facts, affidavits, and exhibits. On April 5, 2004, Ward moved that the defendants' motion be dismissed as untimely under the scheduling order that required any summary judgment motion to be filed by September 13, 2002. She did not address the merits of the defendants' motion, dispute their statement of uncontested material facts, or supply any affidavits or exhibits of her own. The defendants responded that since qualified immunity can only be asserted in response to individual-capacity claims, it would have been nonsensical for them to file their summary judgment motion by September 13, 2002, because Ward did not amend her complaint to sue them in their individual capacities until October 27, 2003.

In an April 23, 2004 order, the district court agreed with the defendants that they could not have asserted qualified immunity before they were sued in their individual capacities, but chided them for waiting for five months after Ward filed her

second amended complaint to file their summary judgment motion. With the trial scheduled to begin in ten days, the district court proceeded to rule on the merits of the defendants' summary judgment motion "without benefit of a proper response" from Ward. The district court denied summary judgment on the basis that, comparing the allegations of Ward's second amended complaint to the averments of the defendants' summary judgment materials, there were genuine disputes of material fact. The district court required Ward to verify her second amended complaint under penalty of perjury, and she complied with an April 28, 2004, affidavit.

The defendants then filed this interlocutory appeal of the district court's denial of qualified immunity.

## II.

As an initial matter, we must satisfy ourselves of our jurisdiction. An interlocutory appeal from the denial of qualified immunity is limited in scope. "[T]he appealable issue is a purely legal one: whether the facts alleged (by the plaintiff, or, in some cases, the defendant) support a claim of violation of clearly established law." Johnson v. Jones, 515 U.S. 304, 313 (1995) (quoted source and internal marks omitted). "[A] question of 'evidence sufficiency,' i.e., which facts a party may, or may not, be able to prove at trial . . . is not appealable." Id. However, applying Johnson to a case where the district court found material factual disputes to exist and denied qualified immunity to the defendant on that basis, our court held that we have jurisdiction in cases where it is clear that "the facts required to determine whether [the defendant] is entitled to qualified immunity are not genuinely in dispute." Prosser v. Ross, 70 F.3d 1005, 1006-07 (8th Cir. 1995).

Accordingly, because it is clear that the facts required to determine whether the defendants in the case at bar are entitled to qualified immunity are not genuinely in dispute as to two of Ward's three claims, we are satisfied that we have jurisdiction.

## III.

Ward's second amended complaint, as relevant, alleged the following. On the evening of August 30, 2001, she was in her home. Without warning, notice, or consent, Officer Russell entered through the rear door and pointed a gun at Ward. Without warning, notice, or consent, Officers Moore and Collins kicked in the front door and entered her home. Officers Moore and Collins proceeded to search Ward's home, including her bedroom, the area under her bed, her closets, and her dresser drawers. The officers lacked a search warrant or probable cause to search her home. Officer Russell arrested Ward without probable cause, transported her to the police station, and released her after about an hour.

Because Ward verified her second amended complaint under penalty of perjury, it is the equivalent of an affidavit and can serve as her response to the defendants' summary judgment motion under Federal Rule of Civil Procedure 56(e). See Spear v. Dayton's, 733 F.2d 554, 555-56 (8th Cir. 1984). As noted above, Ward did not respond on the merits to the defendants' summary judgment motion, so her verified complaint stands alone as the potential source of any factual controversies.

The defendants' summary judgment motion explained that the events of August 30, 2001, unfolded in the course of serving two arrest warrants on Ward's son, Jessie Lee James. The defendants attached the executed warrants.

In his affidavit and in an excerpt of his deposition, Officer Russell averred that he observed James in Ward's backyard and shouted at him to stop. James fled into Ward's residence, and Officer Russell chased him. Seconds after James entered the residence and closed the rear screen door, Officer Russell ran up the steps and had his entry blocked by Ward, who denied that James was inside. Officer Russell drew his weapon when Officers Moore and Collins, who were at the front of the house, radioed that James was headed back to the rear. After Officers Moore and Collins took James into custody inside the house, Officer Russell arrested Ward for obstructing

-4-

governmental operations because she had blocked access to the back door of her residence and had denied James's presence.

In an excerpt of his deposition, Officer Moore averred that he and Officer Collins were outside the front of Ward's house when James ran out the front door. When he saw the officers, he ran back inside and locked the front door. Officer Collins used his shoulder to break down the door. Officers Moore and Collins pursued James into the house and arrested him. Officer Moore instructed Officer Russell to arrest Ward for obstruction of governmental operations. In their affidavits, Officers Moore, Russell, and Collins each denied searching Ward's residence.

The first genuine issue of material fact found by the district court was whether the defendants had lawful authority to enter Ward's home. This was error. Nowhere in her verified complaint did Ward deny that the defendants had two valid arrest warrants for her son James, that James was in the house, or that the defendants entered to serve the arrest warrants. Ward's statement that the officers entered without warning, notice, or consent did not controvert the essential facts necessary to resolve the qualified immunity question as to the officers' entry into her home. A valid arrest warrant, whether for a felony or a misdemeanor, carries with it the authority to conduct a forcible entry so long as the police have a reasonable belief that the suspect resides at the place to be entered and is currently present there. See United States v. Clayton, 210 F.3d 841, 843-45 (8th Cir. 2000). Accordingly, the district court should have granted the defendants qualified immunity on Ward's claim regarding their entry into her residence.

The second genuine issue of material fact found by the district court was whether the defendants had searched Ward's home and, if so, whether they had lawful authority to do so. This was correct. The defendants' affidavits denying that they had searched her home were controverted by the allegations in Ward's verified complaint that Officers Moore and Collins had searched her home, including her bedroom, the

area under her bed, her closets, and her dresser drawers. The defendants offered no legal justification for searching the residence. Accordingly, the district court was right to deny Officers Moore and Collins qualified immunity on Ward's claim regarding their search of her home.

The third genuine issue of material fact found by the district court was whether the defendants had lawful authority to arrest Ward. This was error. Nowhere in her verified complaint did Ward deny that she had blocked access to the back door when Officer Russell attempted to pursue James, or that she had falsely stated that James was not inside. Ward's assertion that Officer Russell arrested her without probable cause must be disregarded because it "purport[s] to state legal conclusions as fact." See Murphy v. Missouri Dep't of Corr., 372 F.3d 979, 982 (8th Cir.), cert. denied, 125 S. Ct. 501 (2004). As such, Ward's verified complaint did not controvert the essential facts necessary to resolve the qualified immunity question as to her arrest,[1] and the district court should have granted the defendants qualified immunity on that claim.

IV.

Finally, the defendants argue that the district court erred by granting Ward's second motion to amend her complaint and by allowing her to verify her second amended complaint belatedly. Those issues are beyond the limited scope of this interlocutory appeal from the denial of qualified immunity. See Lockridge v. Bd. of

---

[1] See Ark. Code Ann. § 5-54-105(a) ("A person commits an offense under this section if, with purpose to hinder the apprehension, prosecution, conviction, or punishment of another for an offense, he: (1) Harbors or conceals the person; or . . . (3) Prevents or obstructs anyone from performing an act which might aid in the discovery, apprehension, or identification of the person . . . by means of deception; or (7) Purposefully lies or attempts to purposefully provide erroneous information . . . to a certified law enforcement officer that would distract from the true course of the investigation or inhibit the logical or orderly progress of the investigation.").

Trustees, 315 F.3d 1005, 1013 (8th Cir. 2003) (en banc) (beyond the narrow issue of qualified immunity, this court may exercise pendent appellate jurisdiction only over inextricably intertwined issues, i.e., questions which are necessarily resolved by the resolution of the qualified immunity question).

## V.

Accordingly, we affirm the judgment of the district court to the extent it denied qualified immunity to Officers Moore and Collins on Ward's claim regarding the search of her home. We reverse the judgment of the district court to the extent it denied qualified immunity to Officers Moore, Russell, and Collins on Ward's claims regarding their entry into her home and her arrest. We direct the district court to grant the defendants qualified immunity on those claims. The case is remanded to the district court for further proceedings consistent with this opinion.

_____