# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3436

_____

Lori M. Metzsch, an individual,       *
                                            *

         Appellant,              *    Appeal from the United States
                                            *    District Court for the
     v.                         *    District of Nebraska.
                                            *

Avaya, Inc., a corporation,       *    [UNPUBLISHED]
                                            *

         Appellee.              *

_____

Submitted:  November 23, 2005
Filed:  December 9, 2005

_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Lori M. Metzsch appeals the district court's[1] adverse grant of summary judgment in her employment-discrimination action brought under the Age Discrimination in Employment Act (ADEA), Title VII, and state law. Having carefully reviewed the record, see Sallis v. Univ. of Minn., 408 F.3d 470, 474 (8th Cir. 2005) (de novo standard of review), we agree with the district court that Metzsch failed to produce anything showing that the reason for terminating her--her perceived bad attitude--was a pretext for age or gender discrimination, see Cerutti v. BASF

_____

[1]The Honorable Joseph F. Bataillon, Chief Judge, United States District Court for the District of Nebraska.

Corp., 349 F.3d 1055, 1062 (7th Cir. 2003) (ADEA was not enacted to immunize older workers from being terminated for legitimate reasons such as bad attitude); Rose-Maston v. NME Hosps., Inc., 133 F.3d 1104, 1109 (8th Cir. 1998) (Title VII does not prohibit employment decisions based on, inter alia, personality conflicts). While instances of disparate treatment can support finding of pretext, see Wheeler v. Aventis Pharm., 360 F.3d 853, 858 (8th Cir. 2004), Metzsch offered nothing showing that two younger males--hired at the same time as she for the same position that she held--complained about their work assignments as Metzsch had done, see id. (employees are similarly situated when they are involved in or are accused of same conduct, and are disciplined differently).

Similarly, we agree with the district court that the conduct Metzsch cited as a basis for her harassment or hostile-work-environment claim was insufficient to create trialworthy issues. See Burkett v. Glickman, 327 F.3d 658, 662 (8th Cir. 2003) (for hostile-work-environment claim to succeed, alleged conduct must be so extreme as to change terms or conditions of employment). The district court also properly rejected Metzsch's contention that an employment contract had been created. See Ambroz v. Cornhusker Square Ltd., 416 N.W.2d 510, 515 (Neb. 1987) (right to terminate employee at will should be restricted to exceptions created by statute or instances where clear public-policy mandate has been violated). Metzsch's repeated references on appeal to her unverified complaint are unavailing, because only a verified complaint is the equivalent of an affidavit for purposes of summary judgment. See Ward v. Moore, 414 F.3d 968, 970 (8th Cir. 2005).

Metzsch's remaining arguments, and her numerous challenges to various other rulings made by the district court, provide no basis for reversal. Accordingly, we affirm. See 8th Cir. R. 47B. We deny as moot her pending motions.

_____