# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1241

_____

Erik Tweeton,                              *
                                          *
            Appellant,                     *
                                          *   Appeal from the United States
      v.                                   *   District Court for the
                                          *   District of Minnesota.
Cheri L. Frandrup; Kent N.                 *
O'Grady; Paul J. Gorski; Jane             *        [UNPUBLISHED]
Doe; Jeffrey S. Bilcik; Jerome            *
L. Getz,                                   *
                                          *
            Appellees.                     *

_____

Submitted: July 29, 2008
Filed: August 7, 2008

_____

Before MELLOY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

      Erik Tweeton appeals the district court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 action arising from a May 2004 traffic stop. Having conducted a thorough review of the record before the district court, see Larson v. Kempker, 414 F.3d 936, 939 (8th Cir. 2005) (de novo review), we conclude that

_____

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

summary judgment was proper. Contrary to Tweeton's assertion, he was required to offer evidence countering defendants' supporting affidavits and other evidence, <u>see</u> Fed. R. Civ. P. 56(e) (2006) (revised 2007) (to oppose properly supported summary judgment motion, adverse party may not rely merely on allegations or denials, but must set out specific facts--by affidavits or other evidence--showing genuine issue for trial); <u>Larson</u>, 414 F.3d at 939 (nonmoving party must show existence of facts on record creating genuine issue). Also, because his complaint was unverified, it could not be considered as such evidence. <u>Cf.</u> <u>Ward v. Moore</u>, 414 F.3d 968, 970 (8th Cir. 2005) (where amended complaint was verified under penalty of perjury, it was equivalent of affidavit and could serve as response to defendants' summary judgment motion). Accordingly, we affirm. <u>See</u> 8th Cir. R. 47B.

_____