# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-2707

———————

Douglas Beyer,

             Appellant,

v.

Firstar Bank N.A., also known as
Elan Financial Services,

             Appellee.

\* \* \* \* \* \* \* \* \* \* \* \*

Appeal from the United States
District Court for the Southern
District of Iowa.

———————

Submitted: February 15, 2006
Filed: May 19, 2006

———————

Before WOLLMAN, FAGG, and ARNOLD, Circuit Judges.

———————

ARNOLD, Circuit Judge.

Douglas Beyer appeals from an order of the district court[1] granting summary judgment to Firstar Bank N.A. on Mr. Beyer's claims that the bank violated Iowa law when it reported the status of his credit card account to a national credit reporting bureau. We affirm.

———————————————

[1]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

I.

This is the second action that Mr. Beyer has filed relating to the credit card issued to him in 1985 by Elan Financial Services, a predecessor in interest to Firstar Bank. The bank is now known as U.S. Bank, the name that we use throughout the rest of this opinion.

In 2001, a dispute developed between Mr. Beyer and U.S. Bank about the balance on the card. Mr. Beyer eventually filed an action in Iowa state court against the bank and its collection agency. Although Mr. Beyer apparently failed to serve the bank with that complaint, he did effect service of process on the collection agency, and he and the agency eventually reached a settlement agreement. Despite the fact that the collection agency's attorney told Mr. Beyer's counsel that he was "informed" that the bank was "agreeable to releasing any claim" it had against Mr. Beyer, the agency's attorney specifically stated that he could not speak for the bank, and the bank never signed a release or agreed to the terms of the settlement.

In 2003, Mr. Beyer applied for two new credit cards to help pay the costs of his business. Both applications were denied. The lenders told Mr. Beyer that they denied his application because of his poor credit history. Mr. Beyer obtained a copy of his credit report and discovered an unfavorable entry relating to the old credit card account with U.S. Bank. Mr. Beyer then filed a new lawsuit in Iowa state court against U.S. Bank, claiming that the bank had violated provisions of the Iowa Consumer Credit Code by falsely reporting that he failed to pay off his credit account. *See* Iowa Code §§ 537.1301(11), 537.7103(1)(c), (4)(e). He also claimed that U.S. Bank's reports were defamatory.

Mr. Beyer later amended his complaint to add a claim under the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681-1681x, against TransUnion, L.L.C., a national credit bureau, and TransUnion removed the case to federal district court, *see* 28 U.S.C. § 1441. During the time set for discovery in the district court, Mr. Beyer

voluntarily dismissed TransUnion from the case. U.S. Bank and Mr. Beyer then filed competing motions for summary judgment. While those motions were pending, Mr. Beyer moved to remand the case to state court.

After holding a hearing on all the pending motions, the district court denied the motion to remand and granted U.S. Bank's motion for summary judgment. The district court determined that Mr. Beyer failed to produce any evidence that U.S. Bank's report about his credit account was false. Because of this, the district court granted U.S. Bank's summary judgment motion on two grounds. The court first concluded that Mr. Beyer could not prove the malice or willful intent required for his claims to avoid preemption by the FCRA under 15 U.S.C. § 1681h(e). The district court also held that even if Mr. Beyer's claims were not preempted, his failure to produce evidence that he had satisfied the debt in question required that judgment be entered in U.S. Bank's favor.

## II.

Both parties spend the bulk of their appellate briefs addressing the preemptive effect of the FCRA. District courts have come to different conclusions about the scope and interplay of the FCRA's preemption provisions, 15 U.S.C. § 1681h(e) and § 1681t(b)(1)(F). *See, e.g., Ryder v. Washington Mut. Bank,* 371 F. Supp.2d 152, 154-55 (D. Conn. 2005)*; Gordon v. Greenpoint Credit*, 266 F. Supp.2d 1007, 1012-13 (S.D. Iowa 2003); *Yutesler v. Sears Roebuck & Co.*, 263 F. Supp.2d 1209, 1211-12 (D. Minn. 2003); *Jaramillo v. Experian Info. Solutions*, 155 F. Supp.2d 356, 361-62 (E.D. Pa. 2001), *modified by* 2001 WL 1762626 (E. D. Pa. June 20, 2001). The parties invite us to address this complex question, but we decline the invitation: We find it unnecessary to address the preemption issue because we can decide the case on a much simpler basis.

As the district court noted, all of Mr. Beyer's claims required him to show that U.S. Bank falsely reported the status of his credit account. Although Mr. Beyer's

unverified complaint alleged that he paid the balance in full, Mr. Beyer did not submit an affidavit or any other evidence from which a reasonable jury could conclude that this was so. *Cf. Ward v. Moore*, 414 F.3d 968, 970 (8th Cir. 2005). Mr. Beyer did not submit any copies of canceled checks, credit card statements, receipts, or other documentation that would demonstrate that he had paid all outstanding charges. Viewing the evidence in the light most favorable to Mr. Beyer, he owed over $4,100 on the account in February, 1997, when U.S. Bank turned it over to a collection agency. Mr. Beyer at most demonstrated that he made $2,900 in payments between April, 1997 and December, 2000, an insufficient amount to pay the February, 1997, balance, and he did nothing to show that U.S. Bank was incorrect in determining and reporting that he owed $3,310.52 on April 10, 2001. There are a number of reasons why Mr. Beyer's balance could have been that high despite his payments, including the accrual of interest and fees.

Once a movant for summary judgment has "point[ed] out to the district court that there is an absence of evidence to support" an essential element for which the nonmovant will have the burden of proof at trial, the nonmovant must make a sufficient showing that there is a genuine issue of fact as to that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). In doing so, the party cannot rest on its pleadings alone. *Id.* at 324. When U.S. Bank presented evidence in the form of its employee's affidavit that the bank at all times correctly reported the status of Mr. Beyer's account, Mr. Beyer had the burden of proving that U.S. Bank's report was false. Because he failed to present any evidence from which a reasonable jury could have determined that the report was false, the district court correctly granted summary judgment.

### III.
For the reasons stated, we affirm the judgment.

_____