Angel GONZALEZ–BENCON, Plaintiff

v.

**DORAL BANK, Defendant.**

**Civil No. 10–1839 (SEC).**

United States District Court,
D. Puerto Rico.

Jan. 4, 2010.

Jorge Martinez–Luciano, Pedro Ortiz Alvarez Law Offices, Ponce, PR, Emil J. Rodriguez–Escudero, M.L. & R.E. Law Firm, San Juan, PR, for Plaintiff.

Raul Gonzalez–Toro, Raul Gonzalez Toro Law Office, San Juan, PR, for Defendant.

## OPINION AND ORDER

SALVADOR E. CASELLAS, Senior District Judge.

Pending before this Court are Defendant Doral Bank's ("Doral" or "Defendant") motion to dismiss (Docket # 12), and Plaintiff Angel Gonzalez–Bencon's ("Plaintiff") opposition thereto and contingent request for leave to amend the complaint (Docket # 13). After reviewing the filings, and the applicable law, Doral's motion to dismiss; is **GRANTED in part and DENIED in part,** and Plaintiff's motion to amend is **GRANTED in part and DENIED in part.**

### Factual and Procedural Background

On September 1, 2010, Plaintiff filed the present suit against Doral under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and Articles 1802 and 1803 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 5141 & 5142. According to the complaint, Doral failed to conduct an investigation and to correct information which they knew was inaccurate, willfully ignoring its obligations under the FCRA. Specifically, Doral continued to report a debt of $99,859 in Plaintiff's credit history despite the fact that said debt was eliminated by TransUnion from his credit history after Plaintiff initiated a dispute and the appropriate investigation was conducted. In his efforts to delete the erroneous information, Plaintiff also met with Doral representatives on various occasions and sent a letter to Doral's counsel in order to ensure that prompt actions were taken in this matter. Notwithstanding, the debt with Doral continued to appear in Plaintiff's credit report as unpaid, in turn affecting his business transactions.

On November 18, 2010, Doral filed the instant motion arguing that Plaintiff failed to state a claim under the FCRA. On this point, Doral argues that there is no private right of action against furnishers of financial information for violations of the duties set forth in Section 1681s–2(a) of the FCRA. According to Doral, claims under

Section 1681s–2(a) may only be enforced by the appropriate administrative agencies, such as the Federal Trade Commission and state agencies.

In opposition, Plaintiff avers that the complaint sets forth claims both under Section 1681s–2(a) and 1681s–2(b), as well as local tort statutes. Thus even if there is no private cause of action pursuant to Section 1681s–2(a), his claims under Section 1681s–2(b) are viable as well as the supplemental state law claims arising from Doral's conduct. In order to provide further clarity to his claims, Plaintiff moves for leave to amend the complaint to include specific averments regarding the causes of action under the FCRA.

### Standard of Review

Under Rule 12(b)(6), a defendant may move to dismiss an action against him for failure to state a claim upon which relief can be granted. *First Med. Health Plan, Inc. v. CaremarkPCS Caribbean, Inc.,* 681 F.Supp.2d 111, 113–114 (D.P.R.2010) (citing FED. R. CIV. P. 12(b)(6)). When deciding a motion to dismiss under Rule 12(b)(6), the court must decide whether the complaint alleges enough facts to "raise a right to relief above the speculative level." *First Med. Health,* 681 F.Supp.2d at 114 (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). In so doing, the court construes the complaint in the light most favorable to the plaintiff, accepts as true all well-pleaded facts and draws all reasonable inferences in the plaintiff's favor. *Id.* (Citing *Parker v. Hurley,* 514 F.3d 87, 90 (1st Cir.2008)); *see also Medina–Claudio v. Rodriguez–Mateo,* 292 F.3d 31, 34 (1st Cir.2002); *Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 51 (1st Cir.1990). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *First Med.*

*Health,* 681 F.Supp.2d at 114 (citing *Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)). Specifically, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Iqbal,* 129 S.Ct. at 1949. As such, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not 'show[n]'—'that the pleader is entitled to relief.'" *First Med. Health,* 681 F.Supp.2d at 114 (citing *Iqbal,* 129 S.Ct. at 1950) (quoting FED.R.CIV.P. 8(a)(2)).

In sum, when passing on a motion to dismiss the court must follow two principles: (1) legal conclusions masquerading as factual allegations are not entitled to the presumption of truth; and (2) plausibility analysis is a context-specific task that requires courts to use their judicial experience and common sense. *Id.* (citing *Iqbal,* 129 S.Ct. at 1950). In applying these principles, courts may first separate out merely conclusory pleadings, and then focus upon the remaining well-pleaded factual allegations to determine if they plausibly give rise to an entitlement to relief. *Id.* (citing *Iqbal,* 129 S.Ct. at 1950).

The First Circuit has held that "dismissal for failure to state a claim is appropriate if the complaint fails to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gagliardi v. Sullivan,* 513 F.3d 301, 305 (1st Cir.2008). Courts "may augment the facts in the complaint by reference to documents annexed to the complaint or fairly incorporated into it, and matters susceptible to judicial notice." *Id.* at 305–306. However, in judging the

sufficiency of a complaint, courts must "differentiate between well-pleaded facts, on the one hand, and 'bald assertions, unsupportable conclusions, periphrastic circumlocution, and the like,' on the other hand; the former must be credited, but the latter can safely be ignored." *LaChapelle v. Berkshire Life Ins.*, 142 F.3d 507, 508 (citing *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996)); *Buck v. American Airlines, Inc.*, 476 F.3d 29, 33 (1st Cir.2007); *see also Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir.1999). Thus Plaintiffs must rely in more than unsupported conclusions or interpretations of law, as these will be rejected. *Berner v. Delahanty*, 129 F.3d 20, 25 (1st Cir.1997) (citing *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988)).

Therefore, "even under the liberal pleading standards of Federal Rule of Civil Procedure 8, the Supreme Court has recently held that to survive a motion to dismiss, a complaint must allege 'a plausible entitlement to relief.'" *Rodriguez–Ortiz v. Margo Caribe, Inc.*, 490 F.3d 92 (1st Cir.2007) (citing *Twombly*, 127 S.Ct. at 1965). Although complaints do not need detailed factual allegations, the "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Twombly*, 127 S.Ct. at 1965; *see also Ashcroft v. Iqbal*, ––– U.S. ––––, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). A plaintiff's obligation to "provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S.Ct. at 1965. That is, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true." *Parker v. Hurley*, 514 F.3d 87, 95 (1st Cir.2008).

### Applicable Law and Analysis

■ Prior to the 1996 amendments to the FCRA, "liability under this statute was limited to the consumer reporting agencies and users of consumer reports, for willfully or negligently violating the FCRA, but not for the entity who furnishe[d] information to a credit reporting agency." *Vazquez–Garcia v. Trans Union De P.R., Inc.*, 222 F.Supp.2d 150, 154 (D.P.R.2002). The aforementioned amendments to the FCRA extended its scope to persons who furnish information to credit reporting agencies. Specifically, Section 1681s–2, and particularly subsections 1681s–2(a) and 1681s–2(b), establish the duties imposed on furnishers of information.[1]

Section 1681s–2(a)(1)(A) deals with the furnisher's duty to provide accurate information to the consumer reporting agencies. On this point, it provides that furnishers of information "shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." Moreover, subsection (a)(1)(B) prohibits furnishing information relating to a consumer to any consumer reporting agency if (i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and (ii) the information is, in fact, inaccurate.

On the other hand, Section 1681s–2(b) imposes another category of duties on fur-

---

1. "A 'furnisher of information' is not defined in the FCRA, however, case law defines it as 'an entity which transmits information concerning a particular debt owed by a particular consumer to consumer reporting agencies such as Equifax, Experian, MCCA, and Trans Union.'" *Martell v. Am. Express Co.*, 598 F.Supp.2d 177, 184 (D.P.R.2008) (citing *Vazquez–Garcia*, 222 F.Supp.2d 150).

nishers of information. Upon notice of a dispute by a consumer, the furnisher must conduct an investigation and promptly report any inaccurate or incomplete information to consumer reporting agencies. Pursuant to Section 1681i, however, the consumer must first submit a dispute to the report directly to the reporting agency, which then notifies the furnisher of information about the dispute. *See Chiang v. Verizon,* 595 F.3d 26, 35 (1st Cir.2010).[2]

Therefore, as a result of the above cited amendments, furnishers are now obligated to report correct information, to respond to and investigate consumer's disputes, and cooperate with reporting agency's investigations. *Vazquez–Garcia,* 222 F.Supp.2d at 154. Accordingly, "when a consumer 'disputes' a debt, the furnisher ... must reinvestigate the validity of the debt and report the results of that investigation to the applicable credit reporting agencies ... [and] [i]f the investigation shows the reported information is inaccurate or incomplete, the furnisher must provide corrected information to the credit reporting agency." *Vazquez–Garcia,* 222 F.Supp.2d at 155 (citing 15 U.S.C. § 1681s–2(b)).

■■■ Sections 1681n and 1681o of the FCRA were also amended to provide for a private right or action for the consumer against "any person," including furnishers of information, for any willful or negligent noncompliance with the FCRA. *Vazquez–Garcia,* 222 F.Supp.2d at 154. These "liability sections," however, do not extend to all types of violations of the FCRA's provisions. Specifically, Congress "circumscribe[d] the consumers right of action by excluding the provisions of subsection [1681s–2](a) from the coverage of the 'liability sections,' ... [a]s such, Congress limited the possibility of enforcement of the provisions of subsection (a) exclusively to the federal agencies, and state officials." *Vazquez–Garcia,* 222 F.Supp.2d at 157 (citing 15 U.S.C. § 1681s–2(c)). Therefore, private suits for violations of Section 1681s–2(a) are expressly prohibited. *Chiang,* 595 F.3d at 35. As a result, Plaintiff's claims under Section 1681s–2(a) are not actionable before this Court, and thus are **DISMISSED with prejudice.**

■■■ In contrast, consumers have a private cause of action for willful or negligent violations of Section 1681s–2(b), committed by furnishers of information, as to inaccurate information reported in the consumer's credit history report, when such information is affirmatively "disputed" by the consumer. *Vazquez–Garcia,* 222 F.Supp.2d at 157. A furnisher's failure to comply with the investigation and response requirement set forth in Section 1681s–2(b) gives rise to liability under the FCRA. *Id.* at 158. Similarly, "a response which does not accurately and adequately indicate the existence of a 'dispute' as to information in a customers credit report, creates liability under the FCRA." *Id.* It should be noted that "[e]ven though § 1681s–2(b) creates a private cause of action by a consumer against a furnisher of information, the consensus of the courts is that this private cause of action is not triggered until after the furnisher of information receives notice of the dispute from a consumer reporting agency, not just the consumer." *Id.*

■■■ Although Plaintiff has pleaded that he notified the consumer reporting agency Trans Union and initiated a dispute, he has not specifically alleged that Trans Union ever complied with the duties imposed upon it by Section 1681i, *i.e.* providing

---

**2.** The FCRA was amended to allow consumers to notify furnishers of disputes directly, but there is no private cause of action for failure to properly investigate such a dispute

notice of the dispute to Doral. Since Section 1681s–2(b)'s private cause of action is not triggered until after the furnisher of information receives notice of the dispute from a consumer reporting agency, and not just the consumer, it is unclear at this stage whether the duties imposed on Doral by Section 1681s–2(b) were effectively triggered.[3] This proves to be fatal for Plaintiff's case insofar as this is his only remaining federal claim. Under *Iqbal's* rigorous standard, this Court cannot merely draw all reasonable inferences in Plaintiff's favor absent factual allegations as to each material element necessary to sustain recovery under some actionable legal theory.

■ Notwithstanding, when, as here, a motion to amend is entered before formal entry of judgment, a court should evaluate the motion under the "liberal standard of FED.R.CIV.P. 15(a)." *Torres–Alamo v. Puerto Rico*, 502 F.3d 20, 25–26 (1st Cir. 2007) (citing *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir.2006)). Under this standard, "[a]mendments may be permitted pre-judgment, even after a dismissal for failure to state a claim, and leave to amend is 'freely given when justice so requires.'" *Id.* (citing FED.R.CIV.P. 15(a)). In determining whether to grant leave to amend a complaint, a court must take into consideration if there is "undue delay, bad faith, futility and . . . absence of due diligence . . ." on the movant's part. *Id.* Plaintiff's request in this case harbors none of these defects. Additionally, the case is still in its initial stages of discovery. As such, this Court will allow Plaintiff's request to amend the complaint, and warns Plaintiff that any amendments must comply with *Iqbal's* requirements or dismissal may be granted at a later time upon Defendant's renewed request. Moreover,

Plaintiff shall ensure that all dates are correct and sequential since there are inconsistencies in the dates provided in the factual background of the complaint. This Court last noted that these amendments would not be futile insofar as they would be sufficient to state a claim against a furnisher of information under the FCRA.

### Supplemental state law claims

Generally, the FCRA does not preempt any state law "except to the extent that those laws are inconsistent with any provision of this subchapter, and then only to the extent of the inconsistency." 15 U.S.C. § 1681t(a). There are, however, certain exceptions. The 1996 amendments included a new section which clashes with the original provisions of the FCRA limiting liability and "creates a statutory conflict within the FCRA, regarding preemption of state law actions." *Vazquez–Garcia*, 222 F.Supp.2d at 159.

The original Section 1681h(e) establishes that except as provided in Sections 1681n and 1681o, "no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or **negligence** with respect to the reporting of information against . . . any person who furnishes information to a consumer reporting agency based on information disclosed pursuant to section 609, 610, or 615 [15 U.S.C. § 1681g, 1681h, or 1681m], or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report, except as to false information furnished with malice or willful intent to injure such consumer."

---

**3.** For purposes of the present Opinion, this Court will consider Plaintiff's proposed

Amended Complaint at Docket # 13–1.

The newly added Section 1681t(b)(1)(F) states that "[n]o requirement or prohibition may be imposed under the laws of any State ... with respect to any subject matter regulated under ... section 1681s–2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies, except that this paragraph shall not apply (i) with respect to section 54A(a) of chapter 93 of the Massachusetts Annotated Laws ...; (ii) with respect to section 1785.25(a) of the California Civil Code...."

"District courts have come to different conclusions about the scope and interplay of the FCRA's preemption provisions, 15 U.S.C. § 1681h(e) and § 1681t(b)(1)(F)." *Beyer v. Firstar Bank, N.A.*, 447 F.3d 1106, 1108 (8th Cir.2006). On this issue, courts have disagreed as to whether the new section repeals the old one or if they may coexist. In determining both sections' preemptive reach, this district adopted a "whole act" approach, which requires that all provisions "be interpreted so as not to derogate from the force of other provisions and features of the whole statute." *Vazquez–Garcia*, 222 F.Supp.2d at 161 (citing *U.S. v. Ramirez–Ferrer*, 82 F.3d 1131, 1137–38 (1s Cir.1996)). In so doing, the court has noted that "these sections address 'two discrete time periods.'" *Id.* at 162 (citing *Aklagi v. Nationscredit Financial*, 196 F.Supp.2d 1186, 1192 (D.Kan.2002)). Under this analysis, the first time period begins at the moment of the occurrence of the event that causes the inaccuracy in the victim's credit report and ends when notice of the dispute is received by the consumer reporting agency; the second period starts after the consumer reporting agency received notice of the consumer's dispute.

While the first period is covered by the FCRA's original Section 1681h(e), the second period falls within Section 1681t(b)(1)(F)'s coverage. This means that the furnisher of information only has qualified immunity as to acts occurred during the first period whereas it enjoys absolute immunity for acts during the second period. Said difference is due to the fact that Section 1681t(b)(1)(F) specifically provides for absolute immunity "with respect to any matter regulated by section 1681s–2 ... relating to the responsibilities of persons who furnish information to consumer reporting agencies." *Vazquez–Garcia*, 222 F.Supp.2d at 162–163. Therefore, all "state law claims made as to acts occurred after the consumer reporting agency receives notice of the consumer's dispute [are] covered by section 1681s–2," and thus not actionable under state law.

██ In other words, all state law claims against a person who furnished information to a consumer reporting agency, for acts occurred after the consumer reporting agency received notice of the consumer's dispute, are totally preempted by the FCRA. *Id.* (citing *Aklagi*, 196 F.Supp.2d at 1194–95). As a result, to the extent that Doral may have incurred in violations to Section 1681s–2 after receiving notice of Plaintiff's dispute, any state law claim by Plaintiff for said acts is preempted by federal law. *Id.* at 162. Accordingly, Plaintiff's supplemental state law claims arising from facts occurred after he submitted a dispute to TransUnion are preempted by the FCRA.

██ Similarly, the state tort claims against Doral for the acts occurred before Plaintiff filed the dispute with TransUnion are preempted by the FCRA, albeit for different reasons. In order to avoid the qualified immunity conferred to furnishers of information under Section 1681h(e), a plaintiff must first show that his claims are based on information disclosed pursuant to Sections 1681g, 1681h, or 1681m of the FCRA, or based on information disclosed

by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report. *See Ross v. F.D.I.C.*, 625 F.3d 808 (4th Cir.2010); *see also Islam v. Option One Mortg. Corp.*, 432 F.Supp.2d 181, 193–194 (D.Mass.2006). At first glance, this Court notes that Sections 1681g and 1681h only apply to credit reporting agencies, and Doral is not such entity. On the other hand, Section 1681m only applies to users of consumer reports,[4] and Doral is not a user of consumer reports for purposes of the present suit. Furthermore, Doral did not use Plaintiff's consumer report, or took an adverse action based on said report or based on information disclosed by a user. Instead, Doral's involvement in the present case stems from the financial information provided to TransUnion; that is, Doral is a furnisher of information.

Additionally, even assuming that Section 1681h(e) applied to the case at bar, which we have already held it does not, Plaintiff does not specifically address whether Doral initially furnished his financial information with the willful or malicious intent to injure him, that is, when Doral furnished the inaccurate financial information to TransUnion which resulted in the denial of his car loan. In order to pursue a state claim for negligence and avoid the qualified immunity granted under Section 1681h(e), the plaintiff must also show that the acts were made with malicious or willful intent to cause injury. *Vazquez–Garcia*, 222 F.Supp.2d at 163. As such, if the person furnished the information with malice or willful intent to injure the consumer,

a state law claim is plausible; notwithstanding, if the furnisher's conduct was merely negligent, the FCRA preempts the state law claims.

■ In arguing his tort claims, Plaintiff avers that Doral caused him damages "[b]y reporting a debt that [he] was not responsible for . . ."[5] Docket # 13–1, p. 6. That is, Plaintiff does not provide any factual allegations showing that Doral furnished false information with malice or willful intent to injure him. The fact that Doral inaccurately reported a debt to a consumer reporting agency does not automatically show a willful and malicious intent to injure. As a matter of fact, in the regular course of business, and considering the amount of requests for financial information furnished by this kind of institution, this type of incident is more likely a result of negligent management of information.

Accordingly, Plaintiff's supplemental state law claims are preempted by the FCRA and are **DISMISSED with prejudice.**

### Conclusion

Based on the foregoing, Doral's motion is **GRANTED in part and DENIED in part.** Plaintiff's claims under Section 1681s–2(a) and his supplemental state law claims are **DISMISSED with prejudice.** Moreover, Plaintiff's motion to amend is **GRANTED in part and DENIED in part,** and he shall file the amended complaint no later than **1/14/2011.** Doral may file a renewed motion to dismiss if warranted

---

**4.** A user of a consumer report is a person that takes actions on the basis of information contained in consumer reports. *See* 15 U.S.C. § 1681m.

**5.** Plaintiff also avers that Doral flouted "multiple opportunities afforded to it to correct the

situation and breach[ed] its duties under the FCRA for the handling of a disputed report." These claims, however, fall under Section 1681s–2(b)'s scope, and are thus preempted by the FCRA.

within 20 days of the filing of the amended complaint.

**IT IS SO ORDERED.**