John T. SHAW; Kenneth Coke; and Raymond Rydman, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.; Wells Fargo Bank, N.A.; and CitiMortgage, Inc., Defendants.

Case No. 13–CV–1295 JLS (BLM).

United States District Court,
S.D. California.

Signed Sept. 29, 2014.

---

**2.** *Bakhtiari v. Yates,* 1:11–cv–00102–AWI–JLT, 2011 WL 221408 (E.D.Cal. Jan. 24, 2011).

Matthew J. Zevin, Stanley Iola, LLP, San Diego, CA, Deyar Jamil, DMJ Law PC, Chicago, IL, Eric S. Pavlack, Pavlack Law, LLC, G. John Cento, Centro Law, LLC, Indianapolis, IN, Mara McRae, McRae Brooks Warner LLC, Atlanta, GA, for Plaintiffs.

Kelly V. O'Donnell, Jones Day, San Diego, CA, Adam W. Wiers, Jones Day, Chicago, IL, for Defendants.

**ORDER: (1) GRANTING IN PART AND DENYING IN PART DEFENDANT CITIMORTGAGE, INC.'S MOTION TO DISMISS; (2) GRANTING IN PART AND DENYING IN PART DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO DISMISS; AND (3) DENYING AS MOOT DEFENDANTS CITIMORTGAGE, INC. AND WELLS FARGO BANK, N.A.'S MOTION TO MAINTAIN THE STAY OF DISCOVERY**

(ECF Nos. 58, 60, 61)

JANIS L. SAMMARTINO, District Judge.

Presently before the Court are Defendant CitiMortgage, Inc.'s ("CitiMortgage") Motion to Dismiss Second Amended Complaint or, in the Alternative, to Dismiss

and/or Strike Class Allegations ("MTD") (ECF No. 58); Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion to Dismiss and Partial Joinder in CitiMortgage's Motion to Dismiss Plaintiff's Second Amended Complaint or, in the Alternative, to Strike Class Allegations (ECF No. 60); and CitiMortgage and Wells Fargo's (collectively, "Furnishers") Motion to Maintain the Stay of Discovery Pending Resolution of Their Motions to Dismiss and Joinder of Experian Information Solutions, Inc. (ECF No. 61). Also before the Court are Plaintiffs John T. Shaw ("Shaw"), Kenneth Coke ("Coke"), and Raymond Rydman's ("Rydman," and, collectively, "Plaintiffs") Combined Response to Furnishers' MTDs (ECF No. 66), Plaintiffs' Combined Response to Furnishers' Motion to Maintain the Stay of Discovery (ECF No. 67), and Furnishers and Defendant Experian Information Solutions, Inc.'s (collectively, "Defendants") Combined Reply Brief in Support of the Motions (ECF No. 68). The Court vacated the hearings scheduled for July 31, 2014 and took the matters under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). (ECF No. 69.) Having considered the parties' arguments and the law, the Court **GRANTS IN PART AND DENIES IN PART** Furnishers' MTDs and **DENIES AS MOOT** Furnishers' Motion to Maintain the Stay of Discovery.

## BACKGROUND

· ■ Plaintiffs—all "consumers" as defined by § 1681a(c) of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681–1681x—bring this putative class action against Experian Information Solutions, Inc. ("Experian")—a "consumer reporting agency" as defined by § 1681 a(f) of the FCRA—and Wells Fargo and CitiMortgage, both "furnishers of information" under the FCRA.[1] (Second Am. Class Action Compl. ("SAC") ¶¶ 6–12, ECF No. 56.) Plaintiffs bring the action on behalf of four (4) classes, each of which comprises thousands of consumers who engaged in short sales that were inaccurately, incompletely, and/or misleadingly reported by Defendants. (*Id.* ¶¶ 4–5, 83.)

As a consumer reporting agency, "Experian collects consumer credit information from tens of thousands of furnishers," electronically processing that information and storing it in its databases. (*Id.* ¶¶ 16–18.) Allegedly, "[f]urnishers report consumer credit information to Experian and other consumer reporting agencies through the use of coded tapes" that utilize the Metro 2 standardized format. (*Id.* ¶¶ 24–25.)

Metro 2 provides both a basic reporting format and standard codes for reporting certain kinds of information. (*Id.* ¶ 39.) To promote the standardized reporting of consumer credit information, the Consumer Data Industry Association ("CDIA") publishes the *Credit Reporting Resource Guide* ("the Guide"), "a comprehensive overview of the Metro 2 format" that "also contains certain recommended credit reporting procedures for certain types of consumer credit reporting." (*Id.* ¶¶ 40–44.)

---

1. " 'A "furnisher of information" is not defined in the FCRA; however, case law defines it as "an entity which transmits information concerning a particular debt owed by a particular consumer to consumer reporting agencies such as Equifax, Experian, MCCA, and Trans Union." ' " *Gonzalez–Bencon v. Doral Bank,* 759 F.Supp.2d 229, 233 n. 1 (D.P.R. 2010) (quoting *Martell v. Am. Express Co.,* 598 F.Supp.2d 177, 184 (D.P.R.2008)). " 'The most common ... furnishers of information are credit card issuers, auto dealers, department and grocery stores, *lenders,* utilities, insurers, collection agencies, and government agencies.' " *Gorman v. Wolpoff & Abramson, LLP,* 584 F.3d 1147, 1153 n. 7 (emphasis added)(quoting H.Rep. No. 108–263, at 24 (2003)).

One such recommended credit reporting procedure concerns the reporting of short sales. (*Id.* ¶ 45.) The Guide provides two options for reporting short sales, depending on whether or not the deficiency between the sale price and the balance owed on the loan is forgiven. (*Id.* ¶¶ 47–49.) Plaintiffs allege that "[Furnishers] did not report and Experian did not maintain [Plaintiffs'] short sale results and the accounts related thereto as required by the Guide, Metro 2 formatting and their own dedicated policies and procedures for the proper reporting of the results of a short sale." (*Id.* ¶ 53.)

In or around October 2004, Shaw obtained a mortgage with account number XXXXXXXXX1080 from Wells Fargo to finance the real property located at 212 Tenwood Court in Durham, North Carolina. (*Id.* ¶ 59.) In or around March 2008, Shaw obtained another mortgage with account number XXXXXX8137 from CitiMortgage for said property. (*Id.*) On March 26, 2010, Shaw sold the property through a short sale approved by Furnishers, both of which forgave the unpaid balance on Shaw's loans. (*Id.*)

On September 21, 2005, Coke obtained a mortgage with account number XXXXXXXXX6335 from Wells Fargo to finance the real property located at 20 Ryland Park Drive # 314 in San Jose, California. (*Id.* ¶ 60.) On April 15, 2011, Coke sold the property through a short sale approved by Wells Fargo, which forgave the unpaid balance on Coke's loan. (*Id.*)

On November 29, 2006, Rydman obtained two mortgages, with account numbers XXXXXXXXXXXXX0001 and XXXXXXXXX1533, from Wells Fargo to finance the real property located at 1504 San Dune Way in San Marcos, California. (*Id.* ¶ 61.) On June 27, 2011, Rydman sold the property through a short sale approved by Wells Fargo, which forgave the unpaid balance on Rydman's loans. (*Id.*)

At all times relevant to this action, Experian purportedly maintained at least one credit file for each of Plaintiffs reporting a mortgage or mortgage related account that resulted in a short sale, as reported to Experian by Furnishers. (*Id.* ¶¶ 62–64.)

Plaintiffs have never lost real estate through foreclosure nor filed for bankruptcy, nor does Experian have any credit files for Plaintiffs containing public records of foreclosures or bankruptcy proceedings. (*Id.* ¶¶ 55–56, 65–66.) Nonetheless, Plaintiffs allege that Furnishers knowingly and willfully incorrectly coded the results of Plaintiffs' short sales as bankruptcies or foreclosure sales when they reported the short sales to Experian and other consumer reporting agencies. (*Id.* ¶¶ 67, 134, 137, 143.) Experian subsequently created consumer reports about Plaintiffs that reported the inaccurate, incomplete, and/or misleading information reported by Furnishers. (*Id.* ¶¶ 69–71.) In turn, these inaccuracies caused others to deny Plaintiffs credit or new mortgages. (*Id.* ¶¶ 71, 137.)

Plaintiffs then requested that Experian and other consumer reporting agencies reinvestigate the accuracy of their credit files, and Plaintiffs claim that Experian communicated these disputes to Furnishers. (*Id.* ¶¶ 72, 138–39.) Although Furnishers purportedly knew that Plaintiffs had neither filed for bankruptcy nor entered foreclosure, they nonetheless verified to Experian that the inaccurate information was accurate and continued to submit the false information to consumer reporting agencies instead of modifying, deleting, or permanently blocking the disputed information. (*Id.* ¶¶ 144, 146–47.)

Experian opted to answer Plaintiffs' Complaint, while Furnishers instead

moved to dismiss. (ECF Nos. 22, 23, 25.) On August 19, 2013, Plaintiffs filed their First Amended Class Action Complaint ("FAC"). (ECF No. 30.) In mid-September 2013, Furnishers filed renewed MTDs (ECF Nos. 35, 36).

On October 17, 2013, Furnishers moved for a protective order and a stay of all discovery in this action pending resolution of the MTDs. (ECF No. 43.) On January 9, 2014, the Court granted Furnishers' motion. (ECF No. 54.)

On May 7, 2014, the Court granted Furnishers' MTDs and permitted Plaintiffs fourteen (14) days in which to amend their complaint. (ECF No. 55.) Plaintiffs timely filed their Second Amended Complaint ("SAC"). (ECF No. 56.) Thereafter, Furnishers filed the present Motions.

## MOTIONS TO DISMISS

### I. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[ ] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic rec-

itation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (citing *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955); *see also* Fed.R.Civ.P. 12(b)(6). A claim is facially plausible when the facts pled "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts " 'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 679, 129 S.Ct. 1937 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys.*,

*Inc.,* 957 F.2d 655, 658 (9th Cir.1992) (quoting *Schreiber Distrib. Co. v. Serv–Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir.1986)). In other words, where leave to amend would be futile, the Court may deny leave to amend.

## II. Analysis

Plaintiffs assert four claims, but only the fourth—claiming violation of section 1681s–2(b) of the FRCP—is asserted against Furnishers. (*See* ECF No. 56.) Accordingly, Defendants' MTDs, and this Order, address only Plaintiffs' fourth cause of action and the allegations pertaining thereto.

Pursuant to section 1681s–2(b), "if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency," the agency must, within five business days, notify the furnisher of the item of information that is subject to dispute and provide the furnisher with "all relevant information regarding the dispute that the agency has received from the consumer." 15 U.S.C. § 1681i(a)(1)(A), 2(A)–(B).

After the furnisher receives notice of the dispute from the consumer reporting agency, it must (A) investigate said information; (B) review the relevant information provided by the consumer reporting agency; (C) report the results of its investigation to the consumer reporting agency; (D) if the investigation determines that the information is, in fact, incomplete or inaccurate, report the results of the investigation to all other consumer reporting agencies to which it furnished the information; and (E) if the investigation determines that the information is incomplete or inaccurate, or if reinvestigation cannot verify the information, modify, delete, or block the reporting of the given item of informa-

tion when reporting to a consumer reporting agency. 15 U.S.C. § 1681s–2(b)(1). The investigation must be completed within the time limits specified by section 1681i(a)(1). *Id.* § 1681s–2(b)(2).

In the SAC, Plaintiffs allege that the information contained in their credit reports was inaccurate or incomplete (SAC ¶¶ 71, 137, ECF No. 56); that they notified consumer reporting agencies, including Experian, of the disputed information (*id.* ¶¶ 72–73, 138); that Experian notified Furnishers of the disputed information (*id.* ¶¶ 138–39); that Furnishers, *inter alia,* failed to properly investigate the disputes, failed to review all relevant information, falsely reported the results of their investigations to the consumer reporting agencies, and failed to modify or delete the incomplete or inaccurate information (*id.* ¶ 146); and that Furnishers' actions were willful (*id.* ¶¶ 144–45, 147, 149). Thus, it appears that Plaintiffs have alleged the basic elements a claim under section 1681s–2(b).

Nonetheless, Defendants contest the adequacy of Plaintiffs' allegations, arguing that: (1) Coke and Rydman lack standing to assert claims against CitiMortgage; (2) Plaintiffs still fail to differentiate between Furnishers or allege sufficiently individualized facts; and (3) the class allegations fail to satisfy the requirements of Federal Rule of Civil Procedure 23. (*See generally* CitiMortgage MTD, ECF No. 58–1.) The Court addresses each argument in turn.

### A. Standing

First, CitiMortgage argues that, because Coke and Rydman's mortgages were only with Wells Fargo, they lack standing to bring claims against CitiMortgage. (CitiMortgage MTD 12–13, ECF No. 58–1.) Plaintiffs argue that they do not assert claims against furnishers with which they personally had no loan, that this fact is

"axiomatic" and "clear from the SAC," and that "[t]his is a feigned issue." (Opp'n to MTD 10, ECF No. 66.) While the Court is inclined to agree with Plaintiffs that CitiMortgage's argument is spurious, for the sake of clarity, the Court **GRANTS** CitiMortgage's MTD as to Coke and Rydman **WITH PREJUDICE** and affirms that only Shaw has standing to assert a claim under section 1681s–2(b) against CitiMortgage.

## B. Individualized Allegations and Differentiation Between Defendants

▆ In its May 7, 2014 Order, the Court found that Plaintiffs failed to state a claim because they did not allege sufficient facts about their short sales and mortgage loans and with which Furnisher each had relationships. (Order 10–12, ECF No. 55.) Furnishers again contend that Plaintiffs fail to allege sufficient facts to state a claim.

To start, Furnishers argue that Plaintiffs still fail to allege sufficient individualized facts to support their claims. (CitiMortgage MTD 14–15, ECF No. 58–1.) [2] Furnishers contend that, while Plaintiffs now provide additional facts concerning their individual mortgages and short sales, Plaintiffs still fail to allege, *inter alia*, facts concerning how they individually discovered the purported inaccuracies in their credit reports, when and how they disputed the information with Experian and other credit reporting agencies, and when and how Experian responded to the claimed inaccuracies. (*Id.* at 14.) Furnishers claim that, because Plaintiffs do not specifically allege what they told Experian, "there is no basis in the alleged facts to conclude that [Furnishers] failed to reasonably investigate to the extent re-

quired." (*Id.* at 14–15.) Furnishers also argue that Plaintiffs yet fail to differentiate the actions attributed to CitiMortgage and Wells Fargo. (*Id.* at 15–17.) Plaintiffs claim to have provided sufficient information to put Furnishers on notice of the claims asserted against them. (Opp'n to MTD 11, ECF No. 66.) The Court agrees with Plaintiffs.

The SAC now provides adequate individualized facts concerning each of Plaintiffs. The SAC provides detailed facts about Plaintiffs' individualized mortgages and short sales. (*See* SAC ¶¶ 59–61, ECF No. 56.) The Court may reasonably infer that Plaintiffs' complaints to Experian likely touched on key facts including, *inter alia,* that Plaintiffs had engaged in short sales, that their deficiency balances had been forgiven, and that they had never filed for bankruptcy or been in foreclosure. (*Id.* ¶¶ 59–61, 65–67.) And, while the approximate dates on which Plaintiffs disputed their records with Experian would likely have been helpful, such information is not necessary to survive the present MTD. *See, e.g., Ali v. Capital One,* No. CV F 11–2115–LJO–SKO, 2012 WL 1205574, at *4 (E.D.Cal. Apr. 11, 2012) (denying MTD and finding adequate allegation that plaintiff "directly notified the CRAs of a dispute concerning the completeness and/or accuracy of the Capital One account as reported to the CRAs. CRAs followed the requirements of the FCRA and gave proper and timely notice of these disputes to Capital One."). The facts presently pleaded plausibly suggest that Furnishers violated section 1681s–2(b), as they identify the grounds on which Plaintiffs' claims rest and are adequate to put Furnishers on notice of the claims against them. Therefore, the SAC satisfies the pleading re-

**2.** Wells Fargo's separately filed MTD simply joins in CitiMortgage's MTD, with the exception of CitiMortgage's standing argument.

(*See generally* Wells Fargo MTD, ECF No. 60–1.) Accordingly, all references to Furnishers' arguments will cite to CitiMortgage's MTD.

quirements of Federal Rule of Civil Procedure 8, *Twombly,* and *Iqbal.*

Moreover, Plaintiffs now sufficiently differentiate between Furnishers' actions. The SAC specifies with which Furnisher(s) each of Plaintiffs had mortgages. (*See* SAC ¶¶ 59–61, ECF No. 56.) Now that the SAC specifies this information, it is evident which Furnishers purportedly took certain actions as to each Plaintiff. Plaintiffs need not allege specifically as to each of Furnishers other, more general statements—for example, that Furnishers reported information about Plaintiffs' mortgages and short sales to Experian, Trans Union, and Equifax. (*Id.* ¶ 64.) Moreover, at this early stage in the proceedings, Plaintiffs lack access to certain facts—for example, what Furnishers told consumer reporting agencies and when as to each of Plaintiffs—making further specificity for many of these "undifferentiated" statements impossible. Accordingly, the Court finds Plaintiffs' allegations adequate and **DENIES** Defendants' MTD as to Plaintiffs' fourth cause of action.

### C. Class Allegations

Finally, Furnishers ask the Court to dismiss or strike Plaintiffs' class allegations, contending that Plaintiffs fail to satisfy many of the requirements for class certification. (Reply 9–15, ECF No. 68.) Plaintiffs argue that it is premature for the Court to consider Furnishers' arguments at this stage in the proceedings and that Plaintiffs' allegations are sufficient to survive a motion to dismiss. (Opp'n to MTD 11–13, ECF No. 66.)

The Court agrees with Plaintiffs that a Rule 12 motion is rarely the proper vehicle for testing the propriety of class allegations and declines, at this time, to address Defendants' arguments. *See Rosales v. FitFlop USA, LLC,* 882 F.Supp.2d 1168, 1179 (S.D.Cal.2012); *Connelly v. Hilton*

*Grant Vacations Co.,* No. 12CV599 JLS (KSC), 2012 WL 2129364, at *3 (S.D.Cal. June 11, 2012) (citing *McDonald v. Gen. Mills, Inc.,* 387 F.Supp. 24, 38 (E.D.Cal. 1974); 7B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1798 (3d ed.2005)).

"As a practical matter, the court's determination [as to certification] usually should be predicated on more information than the complaint itself affords. Thus, courts frequently have ruled that discovery relating to the issue whether a class action is appropriate needs to undertaken before deciding [the issue]." 7AA Wright, *supra,* at § 1785.3. Here, the parties have yet to engage in any discovery, rendering Defendants' request premature. *See Cholakyan v. Mercedes–Benz USA, LLC,* 796 F.Supp.2d 1220, 1246 (C.D.Cal.2011) (citing *In re Wal–Mart Stores, Inc. Wage & Hour Litig.,* 505 F.Supp.2d 609, 615 (N.D.Cal. 2007)).

Plaintiffs allege at least some facts pertaining to each of Federal Rule of Civil Procedure 23's basic requirements for class certification. (*See* SAC ¶¶ 84–102, ECF No. 56.) Accordingly, the Court finds that Plaintiffs' class allegations are sufficient to survive the present MTD and **DENIES** Defendants' request to dismiss Plaintiffs' class allegations. Moreover, because Plaintiffs' allegations are not "redundant, impertinent, or scandalous," the Court **DENIES** Defendants' request to strike Plaintiffs' class allegations. Fed. R.Civ.P. 12(f).

### MOTION TO MAINTAIN THE STAY OF DISCOVERY

Furnishers separately filed a motion to maintain the stay on discovery in this matter until the Court had ruled on their MTDs. (ECF No. 61.) Because this Order disposes of the MTDs, Furnishers' Motion to Maintain the Stay of Discovery is now

710

moot. Accordingly, the Court **DENIES AS MOOT** Furnishers' Motion.

## CONCLUSION

In light of the foregoing, the Court **GRANTS IN PART AND DENIES IN PART** Furnishers' Motions to Dismiss. Coke and Rydman's allegations are dismissed **WITH PREJUDICE** to the extent they assert claims against CitiMortgage. In all other respects, however, the Court **DENIES** Furnishers' Motions to Dismiss. In light of this disposition, the Court **DENIES AS MOOT** Furnishers' Motion to Maintain the Stay of Discovery.

**IT IS SO ORDERED.**