**John T. CLARK, Plaintiff,**

v.

**ALLSTATE INSURANCE COMPANY, Defendant.**

**No. 00–CV–1102 W JFS.**

United States District Court, S.D. California.

July 27, 2000.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE

WHELAN, District Judge.

This matter comes before the Court on a motion to strike filed by Defendant Allstate Insurance Company ("Allstate"). Plaintiff John T. Clark ("Plaintiff") opposes. Both parties are represented by counsel.

### I. BACKGROUND

On April 7, 2000 Plaintiff commenced this action in San Diego Superior Court against Allstate alleging claims for breach of contract and breach of the implied covenant of good faith and fair dealing. On May 31, 2000 Allstate timely removed this case to district court. (*See* Not. of Removal ¶ 1).

On June 8, 2000 Allstate filed a motion to strike pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. Plaintiff filed its opposition on July 17, 2000 and Allstate replied on July 24, 2000. The Court thereafter took the motion under submission and issues this Order on the papers submitted pursuant to Civil Local Rule 7.1.d.1.[1]

### II. DISCUSSION

Allstate's motion seeks to strike (1) Plaintiff's prayer for punitive damages and (2) Plaintiff's attorney's fees request arising under his breach of contract claim. The Court will address each argument in turn.

John T. Richard, San Diego, CA, for Plaintiff.

Peter H. Klee & William P. Cole, Luce, Forward, Hamilton & Scripps, San Diego, CA, for Defendant.

1. Allstate's reply urges the Court to strike Plaintiff's opposition memorandum because Plaintiff did not serve the document within the time period required by Civil Local Rule 7.1.e. In addition, Plaintiff's opposition failed to include a table of contents as required by Local Rule 7.1.h. Despite these deficiencies, however, "a district judge has broad discretion to depart from local rules, including the service requirements, where it makes sense to do so and substantial rights are not at stake."

*Nunley v. City of Los Angeles,* 52 F.3d 792, 795 (9th Cir.1995) (internal quotations omitted).

Because Allstate does not appear to have suffered any prejudice from the untimely service of Plaintiff's opposition, pursuant to Local Rule 1.1.d the Court will not strike Plaintiff's opposition memorandum. The Court strongly advises Plaintiff to comply with the requirements of Local Rule 7.1 for the remainder of this litigation.

### 1. MOTION TO STRIKE PUNITIVE DAMAGES PRAYER

Allstate's motion first seeks an order striking any references in Plaintiff's Complaint to punitive damages. Allstate contends the conclusory allegations and facts pled in Plaintiffs' Complaint are inadequate to establish entitlement to punitive damages under California law.

■ Under California law, when a defendant "has been [found] guilty of oppression, fraud, or malice," the court may award punitive damages. *See* Cal. Civ. Code § 3294. "Malice" is defined as "conduct which is intended to cause injury to the plaintiff" or "despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others." *Id.* § 3294(c)(1). "Oppression" is defined as "despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights." *Id.* § 3294(c)(2). A plaintiff may collect punitive damages for an insurer's breach of the implied covenant of good faith and fair dealing where the plaintiff also establishes the requirements of Section 3294. *See, e.g., PPG Indus., Inc. v. Transamerica Ins. Co.,* 20 Cal.4th 310, 319, 975 P.2d 652, 658, 84 Cal.Rptr.2d 455, 461 (1999); *Egan v. Mutual of Omaha, Ins. Co.,* 24 Cal.3d 809, 820–822, 620 P.2d 141, 147–48, 169 Cal.Rptr. 691, 696–698 (1979).

Allstate points to several California decisions that subject punitive damage prayers to a heightened pleading standard. These decisions generally require a plaintiff to allege specific evidentiary facts to support allegations of malice, oppression or fraudulent intent. *See, e.g., Smith v. Superior Court,* 10 Cal.App.4th 1033, 1041–42, 13 Cal.Rptr.2d 133, 136 (1992); *Brousseau v. Jarrett,* 73 Cal.App.3d 864, 872, 141 Cal. Rptr. 200, 205 (1977); *Lehto v. Underground Constr. Co.,* 69 Cal.App.3d 933, 944, 138 Cal.Rptr. 419, 426 (1977); *G.D. Searle & Co. v. Superior Court,* 49 Cal. App.3d 22, 122 Cal.Rptr. 218 (1975). Citing these cases, Allstate argues that Plaintiff "must allege specific *facts* that actually show oppression, fraud or malice to support the punitive damages claim." (Def.'s Mot. at 5 (emphasis in original)). Allstate claims Plaintiff's Complaint does not provide the factual specificity required by California law, requiring the Court to strike the prayer for punitive damages.

Allstate is wrong.

■ It is well-established that federal courts sitting in diversity must apply state substantive law and *federal* procedural rules. *See Computer Economics, Inc. v. Gartner Group, Inc.,* 50 F.Supp.2d 980, 986 (S.D.Cal.1999) (citing *Erie R.R. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938)). Where state law directly conflicts with applicable provisions of the Federal Rules of Civil Procedure, federal courts must apply the Federal Rules—not state law. *Id.* (citing *Hanna v. Plumer,* 380 U.S. 460, 471, 85 S.Ct. 1136, 1143–44, 14 L.Ed.2d 8 (1965)).[2]

■ Although Section 3294 provides the governing substantive law for punitive damages, California's heightened pleading standard irreconcilably conflicts with Rules 8 and 9 of the Federal Rules of Civil Procedure—the provisions governing the adequacy of pleadings in federal court. *See, e.g., Bureerong v. Uvawas,* 922 F.Supp. 1450, 1480 (C.D.Cal.1996). Specifically, Rule 8(a) requires only that Plaintiff's Complaint include "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief, and . . . a demand for judgment for the relief [he] seeks." Fed.R.Civ.P. 8(a). The second sentence of Rule 9(b) further provides that "[m]alice, intent, knowledge, and other conditions of mind of a person may be averred generally." Fed.R.Civ.P. 9(b). As interpreted by

---

**2.** The Court notes that the Federal Rules apply to this motion notwithstanding that Plaintiff originally commenced the action in state court. *See* Fed. R. Civ. P 81(c) (providing that Federal Rules apply to an action after its removal from state court).

the Ninth Circuit, this provision "does not require '*any* particularity in connection with an averment of intent, knowledge or condition of the mind.'" *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547 (9th Cir.1994) (en banc) (quoting *Walling v. Beverly Enters.*, 476 F.2d 393, 397 (9th Cir.1973)) (emphasis in *GlenFed*); *Gottreich v. San Francisco Inv. Corp.*, 552 F.2d 866, 866–67 (9th Cir.1977) (sustaining conclusory allegation that defendants "knew" their representations were false as sufficient to plead element of fraudulent intent). Rules 8(a) and 9(b) therefore preclude district courts from applying a heightened pleading for allegations of malice or fraudulent intent. *Cf. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168, 113 S.Ct. 1160, 1163, 122 L.Ed.2d 517 (1993) (holding that federal courts could not impose heightened pleading requirement in civil rights cases alleging municipal liability because such requirement conflicted with Rule 8). In federal court, a plaintiff may include a "short and plain" prayer for punitive damages that relies entirely on unsupported and conclusory averments of malice or fraudulent intent.

Indeed, several federal district courts in California (including this one) have upheld conclusory assertions that a defendant acted intentionally, with "malice," or with "conscious disregard" as adequate to plead the mental state required under Section 3294. *See, e.g., Mantic Ashanti's Cause v. Godfather's Pizza*, No. 98–CV–2264 W, 1999 U.S. Dist. LEXIS 16675, at \*18–19 (S.D. Cal. June 1, 1999) ("[C]onclusory assertions that the defendants acted with 'malice' or with 'conscious disregard' for plaintiff's rights are facially sufficient under federal pleading requirements and adequate to state a claim for punitive damages under Section 3294."); *Jackson v. East Bay Hosp.*, 980 F.Supp. 1341, 1353–

54 (N.D.Cal.1997) ("[D]espite section 3294's specific requirement that a pleading allege oppression, fraud, or malice, these 'may be averred generally.'") (quoting Fed.R.Civ.P. 9(b)); *Bureerong v. Uvawas*, 922 F.Supp. 1450, 1480–81 (C.D.Cal.1996) (sustaining conclusory allegation that manufacturer "knew" of employees' allegedly illegal and fraudulent activities as sufficient to plead punitive damages prayer under Section 3294); *Grecco v. Sanofi Winthrop Pharmaceuticals*, No. C–96–3876 FMS, 1997 WL 68551, at \*4, 1997 U.S. Dist. LEXIS 23391, at \*12–13 (N.D.Cal. Feb. 13, 1997) ("California law allows for punitive damages with respect to plaintiff's causes of action but requires a plaintiff to plead specific facts to support such a prayer... Under federal pleading standards, however, such allegations suffice because the elements of malice, fraud or oppression can be generally averred."); *Pease & Curren Refining, Inc. v. Spectrolab, Inc.*, 744 F.Supp. 945, 948–49 (C.D.Cal.1990) (holding that liberal pleading standards of Rules 8 and 9 applied to prayer for punitive damages), *abrogated on other grounds Stanton Road Assocs. v. Lohrey Enters.*, 984 F.2d 1015, 1018 (9th Cir.1993); *see also Primerica Fin. Servs., Inc. v. Mitchell*, 48 F.Supp.2d 1363, 1371 (S.D.Fla.1999) (holding that district court could not apply Florida statute requiring heightened pleading for punitive damages because statute conflicted with lenient requirements of Rules 8 and 9(b)); 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1301 at 676 (2d ed. 1990) ("When the malice of a person is in issue, a general averment will suffice, even when it is an element ... of his claim for punitive damages."). Thus, Plaintiff need not plead evidentiary facts to support his contention that Allstate had the mental state required to impose punitive damages under Section 3294.[3]

---

**3.** Thus, the Court finds the memoranda submitted by the parties unhelpful because both sides relied heavily on California decisions that do not govern the adequacy of pleadings in federal court. The two federal decisions

Allstate cites in its briefs, *Foster v. Allstate Ins. Co.*, No. 93–CV–0960 BTM, 1995 WL 396646, 1993 U.S. Dist. LEXIS 20851 (S.D.Cal. Oct. 7, 1993) and *Barto v. Allstate Ins. Co.*, No. 97–CV–1078 K, 1997 U.S. Dist. LEXIS 16170

Here, Plaintiff's Complaint complies with Rules 8 and 9 because it clearly requests punitive damages and makes conclusory assertions of intentional and malicious misconduct. The Complaint alleges that Allstate intentionally denied Plaintiff's insurance claim despite knowledge of its coverage obligations, and that it acted with an intent to injure Plaintiff. (Compl.¶¶ 17(b), 21). Whether Allstate's allegedly wrongful denial of benefits rises to the sort of morally culpable conduct that justifies punitive damages is an issue that must remain unresolved at this stage of the litigation.[4] Because the allegations in the Complaint plead the elements of Section 3294 and comply with federal pleading standards, the Court DENIES Allstate's motion to strike Plaintiff's prayer for punitive damages.

2. *Motion to Strike Attorney's Fees Request*

 The second part of Allstate's motion seeks an order striking Plaintiff's Complaint to the extent it seeks an award of attorney's fees for breach of contract. Allstate contends the subject contracts do not contain a fee provision such that no legal basis exists to award attorney's fees for a simple breach of contract.

Plaintiff appears to concede that he may not recover attorney's fees under his contract claim unless he establishes that Allstate breached the implied covenant of good faith and fair dealing. (Pl.'s Opp'n at 12–13). The Court therefore GRANTS Allstate's motion to the extent it seeks to preclude Plaintiff from recovering attorney's fees and costs under the breach of contact claim. (Compl.¶ 14). Plaintiff may, of course, pursue attorney's fees un-

der his implied covenant claim as permitted by *Brandt v. Superior Court*, 37 Cal.3d 813, 819, 693 P.2d 796, 800, 210 Cal.Rptr. 211, 215 (1985) (holding that insured may recover attorney's fees from insurer where insurer acts in bad faith).

III. *Conclusion and Order*

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Allstate's motion to strike. (Doc. No. 7). Accordingly, the Court **STRIKES** the attorney's fees and costs requested in Paragraph 14 of the Complaint.

**IT IS SO ORDERED.**

---

(S.D.Cal. Oct. 10, 1997), applied California's heightened standard without analyzing the implications of Rules 8 and 9 or even considering whether those cases should apply in federal court. The Court respectfully disagrees with *Foster* and *Barto* for the reasons stated in the text.

**4.** If Plaintiff cannot substantiate his allegations with probative evidence, the punitive damages prayer may fail on summary judgment. *See, e.g., Maddux v. Philadelphia Life Ins. Co.*, 77 F.Supp.2d 1123, 1133–34 (S.D.Cal.1999) (granting summary judgment against plaintiff that could not show that defendant-insurer engaged in conduct warranting punitive damages).