K.L. CLARK,

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.**

No. CV 04–10223 ABC.

United States District Court,
C.D. California.

July 6, 2005.

Stephen Yagman, Marion R. Yagman, Joseph Reichmann, Yagman & Yagman & Reichmann, Venice Beach, CA, for Plaintiff.

James Crandall, Crandall, Wade & Lowe, Irvine, CA, for Defendant.

COLLINS, District Judge.

On December 15, 2004, K.L. Clark ("Plaintiff") filed a complaint asserting breach of contract for failure to honor a disability insurance claim and breach of the implied cove-

nant of good faith and fair dealing against State Farm Mutual Automobile Insurance Co. ("Defendant"). Plaintiff seeks a variety of remedies, including punitive damages for Defendant's alleged breach of good faith and fair dealing. Plaintiff also seeks remedies as a member of a class of persons who purchased disability insurance from Defendant.

On May 24, 2005, Defendant filed a motion to strike Plaintiff's punitive damages and class action allegations.[1] Plaintiff filed an opposition on June 27, 2005, to which Defendant replied on July 5, 2005. A hearing before the Court regarding Defendant's motion is currently set for July 11, 2005. The Court, however, has determined that it does not require oral arguments on this matter. *See* Fed.R.Civ.P. 78; Local Rule 7–15. Rather, upon consideration of the parties' submissions and the case file, the Court hereby DENIES Defendant's motion to strike. Accordingly, the Court VACATES the July 11, 2005 hearing date.

## I. LEGAL STANDARD

"Under Federal Rule of Civil Procedure 12(f), the Court 'may order stricken from any pleading ... any redundant, immaterial, impertinent or scandalous matter.'" *Bureerong v. Uvawas*, 922 F.Supp. 1450, 1478 (C.D.Cal.1996). Motions to strike are generally regarded with disfavor. *See id.* "Matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation[.]" *State of California Dept. of Toxic Substances Control v. Alco Pacific, Inc.*, 217 F.Supp.2d 1028, 1033 (C.D.Cal.2002). Moreover, when considering a motion to strike, courts must view the pleading in the light more favorable to the pleader. *See Lazar v. Trans Union LLC*, 195 F.R.D. 665, 669 (C.D.Cal.2000).

## II. DISCUSSION

A. Defendant's Motion to Strike the Punitive Damages Allegations Is DENIED.

Defendant argues that Plaintiff's prayer for punitive damages should be stricken because it makes "bare conclusory allegations

of oppression, fraud or malice [that] are insufficient to plead entitlement to punitive damages." Motion to Strike at 5. Plaintiff opposes, contending that her allegations are sufficient, as the Federal Rules of Civil Procedure do not impose a heightened pleading standard.

■ Federal Rule of Civil Procedure 8(a) requires plaintiffs to include "a short plain statement of the claim showing that [plaintiff] is entitled to relief, and ... a demand for judgment for the relief [he] seeks." Fed. R.Civ.P. 8(a). Federal Rule of Civil Procedure 9(b) provides that "malice, intent, knowledge, and other conditions of mind of a person may be averred generally." Fed. R.Civ.P. 9(b). The Ninth Circuit has interpreted these rules to mean that conclusory pleading is sufficient. *See Clark v. Allstate Ins. Co.*, 106 F.Supp.2d 1016, 1018–19 (S.D.Cal.2000) (*citing In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547 (9th Cir.1994); *Gottreich v. San Francisco Inv. Corp.*, 552 F.2d 866, 866–67 (9th Cir.1977)). Accordingly, a plaintiff bringing an action in federal court "may include a 'short and plain' prayer for punitive damages that relies entirely on unsupported and conclusory averments of malice or fraudulent intent." *Clark*, 106 F.Supp.2d at 1019. Under California law, however, punitive damages claims under California Civil Code § 3294 are subject to a heightened pleading standard. *See Smith v. Superior Court*, 10 Cal.App.4th 1033, 1041–42, 13 Cal.Rptr.2d 133 (1992); Cal. Civ.Code § 3294.

■ While California law governs Plaintiff's substantive claim for punitive damages under California Civil Code § 3294, the Federal Rules of Civil Procedure govern the punitive damages claim procedurally with respect to the adequacy of pleadings. *See Bureerong v. Uvawas*, 922 F.Supp. 1450, 1480 (C.D.Cal.1996). *See also Clark*, 106 F.Supp.2d at 1018 ("Where state law directly conflicts with applicable provisions of the Federal Rules of Civil Procedure, federal courts must apply the Federal Rules—not state law."); *Jackson v. East Bay Hosp.*, 980 F.Supp. 1341, 1353–54 (N.D.Cal.1997) ("[D]e-

---

1. Defendant filed an amended notice of motion on May 26, 2005.

spite section 3294's specific requirement that a pleading allege oppression, fraud, or malice, these 'may be averred generally.' ") (quoting Fed.R.Civ.P. 9(b)). The Court therefore finds that Plaintiff's allegations, specifically in paragraph 24 through 29 of the complaint, sufficiently plead oppression, fraud, or malice in compliance with federal pleading standards. Whether Plaintiff will be able to prove the allegations made in the complaint, however, is another matter to be resolved at a later date.

**B. Defendants's Motion to Strike the Class Action Allegations Is DENIED.**

Defendant asserts that Plaintiff's class action allegations should be stricken for insufficiently pleading the required elements of Federal Rule of Civil Procedure 23(a). Plaintiff argues that her pleadings are sufficient, given the liberal pleading standards in federal practice.

 It is well established that Rule 23(a) of the Federal Rules of Civil Procedure, as amended in 1966, places the burden on the party seeking class certification to establish "numerosity," "commonality," "typicality," and "adequacy of representation." Fed. R.Civ.P. 23(a); *see also Doninger v. Pacific Northwest Bell, Inc.,* 564 F.2d 1304, 1309 (9th Cir.1977). "Mere repetition of the language of the Rule," without "a statement of the basic facts" is insufficient to gain class certification. *Gillibeau v. City of Richmond,* 417 F.2d 426, 432 (9th Cir.1969).

Here, Defendant relies on cases addressing whether a class should be certified, not whether class action allegations in a complaint should be stricken. Defendant's motion is premature. While Plaintiff's complaint contains conclusory class action allegations, the allegations address each of the elements of Rule 23, relate to the subject matter of the litigation, and are not redundant, immaterial, or impertinent. *See* Complaint ¶¶ 30–35. Viewing the complaint in the light most favorable to Plaintiff, the Court finals that Plaintiff's class allegations are sufficient to survive a motion to strike. Whether Plaintiff will be able to succeed on a motion for class certification, however, is an entirely separate matter to be decided at a later date.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion to strike is DENIED.

IT IS SO ORDERED.