## GREENWICH INSURANCE COMPANY, a Delaware Corporation

v.

## Bruce RODGERS, et al.

## Case No. EDCV 10–00430 VAP(JEMx).

United States District Court, C.D. California.

July 23, 2010.

**1160**

Mary E. McPherson, Mohammed S. Mandegary Tressler LLP, Costa Mesa, CA, for Greenwich Insurance Company, a Delaware Corporation.

Christian W. Wilbert, Christian W. Wilbert Law Offices, Rancho Santa Margarita, CA, Gregory L. Bentley, Michael J. Bidart, Steven M. Schuetze, Shernoff Bidart Echeverria LLP, Claremont, CA, for Bruce Rodgers, et al.

MINUTE ORDER (1) DENYING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM; (2) DENYING PLAINTIFF'S MOTION TO STRIKE COUNTERCLAIM; (3) GRANTING DEFENDANT'S MOTION TO COMPEL JOINDER; (4) VACATING THE JULY 26, 2010 HEARINGS; (5) CONTINUING JULY 26, 2010 SCHEDULING CONFERENCE (IN CHAMBERS)

VIRGINIA A. PHILLIPS, District Judge.

## I. BACKGROUND

### A. Factual Allegations

On August 5, 2006, Defendant Bruce Rodgers ("Defendant") was in a car accident while driving a vehicle owned or leased by his employer. (Countercl. ¶ 4.) Susan Corliss was a passenger in the car at the time of the accident, and was injured in the accident. (*Id.*)

In 2008, Ms. Corliss filed a lawsuit against Defendant's employer and Defendant for injuries suffered in the accident (the "Underlying Action"). (*Id.* ¶ 10.) After resolving initial confusion as to the identity of his insurer, Defendant tendered defense of the Underlying Action to Plaintiff Greenwich Insurance Company ("Plaintiff") in December 2008. (*Id.* ¶¶ 13–14.) Plaintiff agreed to pay the costs of Defendant's defense of the Underlying Action subject to a reservation of rights letter under which Plaintiff reserved, *inter alia,* the right to file a declaratory judg-

ment action concerning its duty to defend and indemnify Defendant. (*Id.* ¶¶ 15–20.)

Plaintiff began paying Defendant's defense costs in December 2008, but ceased making monthly payments in the summer of 2009. (*Id.* ¶ 20.) Plaintiff has made only one payment since then, and has made no payments during the year 2010. (*Id.*)

## B. Procedural History

On March 23, 2010, Plaintiff filed its Complaint in this action, seeking a declaratory judgment that it was not obligated to pay Defendant's costs of defense or to indemnify him with respect to Ms. Corliss's lawsuit. Plaintiff also seeks recoupment of the payments it has already made toward Defendant's costs of defense. On May 11, 2010, Defendant filed his amended answer[1] and asserted counterclaims against Plaintiff for breach of contract and breach of the implied covenant of good faith and fair dealing. Defendant seeks his unpaid costs of defense, as well as general and punitive damages.

On May 27, 2010, Plaintiff filed its Motion to Dismiss Rodgers' Amended Counterclaim and its Motion to Strike Amended Counterclaim, Punitive Damages, and Portions of Amended Answer and noticed a hearing date of July 26, 2010 for both motions. Defendant's opposition and Plaintiff's reply to both motions were filed timely.

On June 9, 2010, Defendant filed a motion to compel joinder of Susan Corliss. Plaintiff's opposition was filed timely; Defendant filed no reply. Appearing through counsel, Susan Corliss filed a statement of non-opposition to the motion to compel her joinder, to which Plaintiff objected. Defendant filed an objection to Plaintiff's objection.

The Court finds these motions appropriate for resolution without a hearing, Local R. 7–15, and hereby VACATES the hearings on these motions scheduled for July 26, 2010.

## II. LEGAL STANDARDS

### A. Motion to Dismiss

Under Rule 12(b)(6), a party may bring a motion to dismiss for failure to state a claim upon which relief can be granted. As a general matter, the Federal Rules require only that a plaintiff provide " 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (quoting Fed.R.Civ.P. 8(a)(2)); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In addition, the Court must accept all material allegations in the complaint—as well as any reasonable inferences to be drawn from them—as true. *See Doe v. United States,* 419 F.3d 1058, 1062 (9th Cir.2005); *ARC Ecology v. U.S. Dep't of Air Force,* 411 F.3d 1092, 1096 (9th Cir. 2005).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic,* 550 U.S. at 555, 127 S.Ct. 1955 (citations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.*

---

1. Defendant's previous attempt to file its answer had been rejected by the Clerk of Court, having been filed electronically despite the requirement of General Order 08–02 that initiating documents be filed manually.

In other words, the allegations must be plausible on the face of the complaint. *See Ashcroft v. Iqbal*, 556 U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* (citations and internal quotations omitted).

■ Although the scope of review is limited to the contents of the complaint, the Court may also consider exhibits submitted with the complaint, *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir.1990), and "take judicial notice of matters of public record outside the pleadings," *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir.1988). A court "need not accept as true allegations contradicting documents that are referenced in the complaint or that are properly subject to judicial notice." *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir.2008).

**B. Motion to Strike**

■ Under Federal Rule of Civil Procedure 12(f), a party may ask the court to strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Proc. 12(f). " 'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded. . . . 'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994).

■ "Motions to strike are generally regarded with disfavor because of the lim-

ited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F.Supp.2d 1028, 1033 (C.D.Cal.2002). Thus, "courts often require 'a showing of prejudice by the moving party' before granting the requested relief," and "[u]ltimately, whether to grant a motion to strike lies within the sound discretion of the district court." *Id.* (citing *Fantasy*, 984 F.2d at 1528). Motions to strike requests for punitive damages will be granted pursuant to Rule 12(f) if such relief cannot be recovered under the applicable law. *See, e.g., Torrance Redevelopment Agency v. Solvent Coating Co.*, 763 F.Supp. 1060, 1067–68 (C.D.Cal.1991). In California, punitive damages are only available against defendants "guilty of oppression, fraud, or malice." Cal. Civ.Code § 3294(a).

**C. Motion to Compel Joinder**

■ Federal Rule of Civil Procedure 19 provides that a person is a necessary party to an action, and must be joined if feasible, where (1) the court cannot accord complete relief among the parties in that person's absence; or (2) the person claims an interest relating to the subject of the action, and disposing of the action in their absence would either practically impair that person's interest or create a substantial risk of double recovery or inconsistent obligations with respect to an existing party. The claimed interest must be legally protected; *i.e.*, it "must be more than a financial stake, and more than speculation about a future event." *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir.1990) (citations omitted).

**III. DISCUSSION**

**A. Motion to Dismiss**

Plaintiff argues Defendant fails to state a claim either for breach of contract or for

breach of the implied covenant of good faith and fair dealing. The Court examines each claim in turn.

### 1. Breach of Contract

■ To state a claim for breach of contract under California law, a plaintiff must allege (1) the existence of a contract; (2) that he has performed or that his nonperformance is excused; (3) defendant's breach of the contract; and (4) damages resulting from the breach. *See Troyk v. Farmers Group, Inc.*, 171 Cal.App.4th 1305, 1352, 90 Cal.Rptr.3d 589 (2009).

■ Plaintiff argues Defendant's breach of contract claim fails because "Rodgers admits he is being fully defended in the Underlying [Action]," and therefore "cannot state a legally cognizable claim for breach of contract." (Mot. to Dismiss at 5:11–13.)[2] Plaintiff's argument thus is directed at the third element of a claim for breach of contract.

Plaintiff's characterization of Defendant's Counterclaim is inaccurate. Defendant does not "admit he is being fully defended in the Underlying Action;" rather, he alleges that although Plaintiff *initially* paid Defendants defense costs after tender, it later ceased to do so, and has not resumed payments.

Defendant's allegations—the truth of which the Court must assume in considering this motion to dismiss—are sufficient to satisfy the requirement that Plaintiff plead Defendant's breach of contract. To the extent it seeks dismissal of Defendant's counterclaim for breach of contract, Plaintiff's motion to dismiss fails.[3]

### 2. Breach of the Implied Covenant of Good Faith and Fair Dealing

■ In the insurance context, the "primary test" of whether an insurer breaches the implied covenant of good faith and fair dealing is "whether the insurer withheld payment of an insured's claim unreasonably and in bad faith." *Love v. Fire Ins. Exchange*, 221 Cal. App.3d 1136, 1151, 271 Cal.Rptr. 246 (1990).[4] "Where benefits are withheld for proper cause, there is no breach of the implied covenant." *Id.* "An insurer's bad judgment or negligence is insufficient to establish bad faith; instead, the insurer must engage in 'a conscious and deliberate act, which unfairly frustrates the agreed common purposes and disappoints the reasonable expectations of the other party thereby depriving that party of the benefits of the agreement.'" *Nieto v. Blue Shield of California Life & Health Ins. Co.*, 181 Cal.App.4th 60, 86, 103 Cal. Rptr.3d 906 (2010) (citation omitted). Bad faith is ordinarily a question of fact. *Id.*

■ Defendant's allegations are sufficient to state a claim for breach of the implied covenant of good faith and fair dealing. As discussed above, Defendant has alleged adequately that Plaintiff has withheld payments due under the insurance contract. Defendant further alleges

---

**2.** Though characterized as an alternative argument, Plaintiff's contention that Defendant fails to allege he has suffered damages is in substance identical, as it depends on its argument that Defendant admits Plaintiff has satisfied its duty to defend Defendant in the Underlying Action. (Mot. to Dismiss at 5:15–6:13.)

**3.** To the extent Plaintiff's argument that Defendant fails to allege damages can be construed as a distinct argument, it also fails, as Defendant specifically alleges that he has suffered damages as a result of Plaintiff's refusal to pay his defense costs. (*See* Countercl. ¶ 27.)

**4.** Plaintiff's argument that Defendant must additionally show that Plaintiff withheld benefits "maliciously and without proper cause, for the purpose of injuring Rodgers," (Mot. to Dismiss at 7:1–2), is unsupported by the authorities on which it relies.

that Plaintiff has ceased paying the costs of his defense without justification. (*See* Countercl. ¶ 30.) The truth of these allegations is a question of fact inappropriate for resolution on a motion to dismiss.

Plaintiff's argument that "[a] perceived delay in paying defense costs is not sufficient to plead a cause of action for bad faith" fails. Plaintiff cites no authority in support of this proposition. Moreover, Defendant alleges Plaintiff has failed to pay his costs of defense for the entirety of the year 2010; this allegation rises above a mere "perceived delay" in payment. If true, regardless of whether Plaintiff has expressly refused to pay Defendant's ongoing defense costs, such a delay may amount to a constructive refusal. To hold otherwise would allow insurance companies to avoid liability for improperly withholding benefits simply by ceasing payment without acknowledging their actions openly.

Accordingly, to the extent Plaintiff moves to dismiss Defendant's counterclaim for breach of the implied covenant of good faith and fair dealing, Plaintiff's motion fails.

**B.  Motion to Strike**

■ Plaintiff argues that Defendant's request for punitive damages should be stricken because Defendant fails to make sufficiently particularized allegations to support the required showing that Plaintiff acted with malice, oppression, or fraud. Plaintiff relies primarily on decisions of California state courts in arguing that Defendant fails to meet the pleading requirements. (*See* Mot. to Strike at 4:27–5:16.)

Pleading standards of California state courts are irrelevant here, however. *Clark v. State Farm Mut. Auto. Ins. Co.*, 231 F.R.D. 405, 406 (C.D.Cal.2005). Un-

der federal law, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R.Civ.P. 9(b); see also *Clark*, 231 F.R.D. at 406. With respect to the malice necessary to support a claim for punitive damages, conclusory pleading is sufficient. *Clark*, 231 F.R.D. at 406.

Defendant has alleged malice generally. (Countercl. ¶ 34.) That is all that is required under federal pleading standards.

**C.  Motion to Compel Joinder**

■ Defendant argues that Ms. Corliss, as an injured person whose claims against Defendant give rise to the coverage dispute here, is a necessary party. Plaintiff opposes, arguing that Ms. Corliss has no protectable interest in this action, that her rights would not be practically impaired in her absence, and that there is no risk of double recovery or inconsistent obligations.[5]

The Ninth Circuit does not appear to have addressed the question of whether an injured third party is a necessary party to a declaratory judgment action between an insurer and insured. The parties cite competing authorities applying Rule 19 in such a context, none of which involved California substantive law. Defendant cites two district court opinions as well as opinions from the Third and Fifth Circuits, all of which conclude that an injured party asserting claims against an insured is a necessary party to a declaratory judgment action brought against that insured by its insurer regarding coverage. (Mot. to Compel Joinder at 4:15–27.) The only case applying Rule 19, as opposed to California state law rules concerning necessary parties, on which Plaintiff relies is *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d

---

**5.** Plaintiff further argues that no actual case or controversy exists between Plaintiff and Ms. Corliss. This argument is not well-taken,

however, as it is not relevant to the Rule 19 inquiry.

216 (3d Cir.2005), in which the Third Circuit concluded that an injured third party was not a necessary party to such an action because it had no protectable interest.

The Court agrees with Defendant, and the reasoning set forth in *Ranger Ins. Co. v. United Housing of New Mexico, Inc.,* 488 F.2d 682 (5th Cir.1974). In *Ranger,* the Fifth Circuit recognized that an injured party asserting claims against an insured had an interest relating to the subject of the declaratory judgment action between the insurer and insured. 488 F.2d at 683.[6] The Fifth Circuit also recognized that proceeding without the injured third party in such circumstances risked prejudice both to the third party and to the existing parties. *Id.* at 684.

Here, Ms. Corliss's protectable interest is her claim against Defendant, which relates to the subject matter of this litigation. Proceeding without Ms. Corliss risks duplicative litigation and inconsistent obligations. If Ms. Corliss succeeds in the Underlying Action, she may sue Plaintiff directly as a judgment creditor. Cal. Ins. Code § 11580(b)(2). In such an action, she would not be bound by the outcome of this litigation, as she was not joined as a party to it. *See Stewart v. U.S. Bancorp,* 297 F.3d 953, 956 (9th Cir.2002) (*"Res judicata* applies when there is: (1) identity of claims; (2) a final judgment on the merits; and (3) *identity or privity between parties."*) (emphasis added). Accordingly, regardless of the outcome of this litigation, if Ms. Corliss is not joined as a party, the parties may end up having to relitigate this coverage dispute, and run the risk of inconsistent adjudications of the merits of that dispute.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion to dismiss and motion to strike, and GRANTS Defendant's motion to compel joinder. On its own motion, the Court CONTINUES the Scheduling Conference currently scheduled for July 26, 2010 at 1:30 p.m. to August 30, 2010 at 1:30 p.m.

**IT IS SO ORDERED.**

---

**6.** Plaintiff correctly notes that neither *Ranger* nor the other authorities relied upon by Defendant applied California substantive law, yet fails to explain whether the substantive law at issue in those cases differs and whether any differences would affect the outcome here.