Arianna **ROSALES**, and Charlice Arnold, on Behalf of Herself, All Others Similarly Situated and the General Public, Plaintiffs,

v.

**FITFLOP USA, LLC, Defendant.**

Case No. 11–cv–00973 W (WVG).

United States District Court, S.D. California.

Feb. 8, 2012.

Janine L. Pollack, Milberg LLP, Joshua Keller, New York, NY, Thomas Joseph O'Reardon, II, Timothy Gordon Blood, Blood Hurst & O'Reardon LLP, San Diego, CA, Patricia N. Syverson, Bonnett Fairbourn Friedman and Balin, Phoenix, AZ, for Plaintiff.

Laura J. McKay, Oakland, CA, Brooke A. Alexander, William S. Ohlemeyer, Boies, Schiller & Flexner LLP, Armonk, NY, for Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS, AND, IN THE ALTERNATIVE, TO STRIKE [DOC. 14]

THOMAS J. WHELAN, District Judge.

Pending before the Court is Defendant FitFlop USA's ("Defendant") motion to dismiss Plaintiffs' complaint for failure to state a claim upon which relief can be granted. Alternatively, Defendant moves to strike Plaintiffs' class allegations. Plaintiffs oppose. The Court decides the matter on the papers submitted and without oral argument. *See* Civ. L. R. 7.1(d.1). For the reasons addressed below, the Court **DENIES** Defendant's motion.

### I. BACKGROUND

Defendant manufactures, markets, and sells a line of women's and men's sandals, known as FitFlop Footwear. (*First Amended Complaint* ("FAC") ¶¶ 3, 11 [Doc. 10].) Since 2007, Defendant has claimed in its advertising and on product packaging labels that FitFlop Footwear provides a variety of health benefits including improved posture, increased muscle activation and toning, and reduced joint strain. (FAC ¶¶ 3, 17–19, 21–31.) Defendant claims that these health benefits are the result of FitFlop Footwear's patent pending "Microwobbleboard Technology" midsole. (*Id.*) Because of these claimed benefits, the various styles of Fitflop Footwear are sold at a premium price ranging from $50–240 a pair. (*Id.*).

During the time period relevant to this action, Plaintiffs Rosales and Arnold were exposed to Defendant FitFlop's product labeling and advertising. (FAC ¶¶ 9, 10). In 2009, Plaintiff Arnold was exposed to FitFlop advertising in a Victoria's Secret [1] catalog, and shortly thereafter purchased two pairs of FitFlop Sandals from Victoria's Secret for approximately $59.99 each. (*Id.*) On or about August 20, 2010, Plaintiff Rosales, in reliance on Defendant's advertising claims, purchased a pair of FitFlop Sandals for $59.99. (*Id.*)

Plaintiffs assert that Defendant Fit-Flop's health benefit claims are deceptive, and that FitFlop footwear is not proven to

---

1. Victoria's Secret is a retail department store chain, and is not the subject of the litigation before the court.

provide any of the claimed benefits. (*Id.* at ¶¶ 3, 32–46.) According to Plaintiffs, consumers including Rosales and Arnold have purchased FitFlop footwear at a significant price premium over other comparable traditional footwear products. Both Rosales and Arnold assert that they would not have purchased FitFlop footwear if they had known the claimed health benefits were untrue. (*Id.* at ¶¶ 9–10.)

On May 4, 2011, Plaintiffs filed a complaint against Defendant alleging violations of California Business & Professions Code § 17200 *et seq.* ("UCL"), violations of California Civil Code § 1750 *et seq.* the Consumer Legal Remedy Act ("CLRA"), and breach of express warranty. Plaintiff Arnold further asserts that Defendant's deceptive claims affect a broad class of individuals who have purchased FitFlop footwear, and she brings this putative class action on behalf of herself and other class members. On the same day the complaint was filed, Plaintiffs mailed Defendant a letter notifying Defendant of the alleged CLRA violations. (FAC ¶ 74.) Then on July 15, 2011, Plaintiffs filed their FAC, seeking damages as appropriate for the alleged CLRA violations. Defendant's motion to dismiss, or in the alternative to strike Plaintiffs' class allegations followed. (*Mot. to Dismiss* [Doc. 14].)

## II. Motion to Dismiss

### A. *Legal Standards*

The court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n,* 720 F.2d 578, 581 (9th Cir.1983). All material allegations in the complaint, "even if doubtful in fact," are assumed to be true. *Id.* The court must assume the truth of all factual allegations and must "construe them in light most favorable to the non-

moving party." *Gompper v. VISX, Inc.,* 298 F.3d 893, 895 (9th Cir.2002); *see also Walleri v. Fed. Home Loan Bank of Seattle,* 83 F.3d 1575, 1580 (9th Cir.1996).

As explained by the Supreme Court, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiffs obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (internal citations omitted). Instead, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 534 (9th Cir.1984).

Generally, courts may not consider material outside the complaint when ruling on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1555 n. 19 (9th Cir.1990). However, courts may consider documents specifically identified in the complaint whose authenticity is not questioned by parties. *Fecht v. Price Co.,* 70 F.3d 1078, 1080 n. 1 (9th Cir.1995) (superceded by statutes on other grounds).

Complaints alleging fraud must also meet the pleading requirements of Federal Rule of Civil Procedure 9(b), which provide that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.P. 9(b). Because Rule 9(b) applies broadly to "averments" of fraud, courts have applied heightened pleading requirements to claims beyond traditional common law fraud. Where fraud is not an essential element of a claim, only those

allegations of a complaint which aver fraud are subject to Rule 9(b)'s heightened pleading standard. *Vess v. Ciba–Geigy Corp.*, 317 F.3d 1097, 1105 (9th Cir.2003). Averments of fraud must be accompanied by "the who, what, when, where, and how" of the alleged misconduct charged. *Id.* at 1106 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir.1997)).

A plaintiff may allege a unified course of fraudulent conduct as the basis for a claim, and in that event, the claim is said to sound in fraud and the pleading as a whole must satisfy the particularity requirement of Rule 9(b). *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir.2009). To ascertain whether a complaint sounds in fraud, a court must determine, "after a close examination of the language and structure of the complaint," whether the complaint alleges "a unified course of fraudulent conduct" and relies entirely on that course of conduct as the basis of the claim. *Rubke v. Capitol Bancorp Ltd.*, 551 F.3d 1156, 1161 (9th Cir.2009). If so, the party's entire complaint must therefore be pleaded with particularity. *See Kearns,* 567 F.3d at 1127.

### B. *Discussion*

Here, Defendant challenges Plaintiffs' causes of action for violation of the UCL, violation of the CLRA, and breach of express warranty. The Court will address each of theses challenges separately.

### 1. *Plaintiffs' UCL Claim*

Plaintiffs, in the first cause of action, seek restitution and disgorgement of all money obtained from Plaintiffs and members of the class as a result of the UCL violations. Defendant moves to dismiss based on Plaintiffs' lack of standing, failure to plead with particularity under rule 9(b), failure to state a plausible claim for relief under rule 8(a), and that the representations are non-actionable puffery.

Defendant first argues that since Plaintiffs have not suffered an injury, they lack standing to bring their UCL claim in either an individual or representative capacity. To pursue a UCL claim, Plaintiffs are required to establish that they have suffered an injury in fact and lost money or property as a result of the unfair competition. *See* Cal. Bus. & Prof. Code § 17204. Thus, a UCL plaintiff must always have Article III standing in the form of an economic injury. *Degelmann v. Advanced Med. Optics, Inc.*, 659 F.3d 835, 839 (9th Cir.2011). The burden of establishing standing falls on the party invoking federal jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

Economic injury is a classic form of injury in fact, and exists where the plaintiff is deprived of property or money to which he or she has a cognizable claim. *Kwikset Corp. v. Super. Ct.*, 51 Cal.4th 310, 323, 120 Cal.Rptr.3d 741, 246 P.3d 877 (2011). An economic injury exists where a seller misrepresents a product and, had the product been represented accurately, buyers would not have been willing to pay as much as they did for it, or would have refused to purchase it altogether. *See Degelmann*, 659 F.3d at 839–40; *Maya v. Centex Corp.*, 658 F.3d 1060, 1069 (9th Cir.2011).

Here, Plaintiffs have sufficiently pled an economic injury. Plaintiffs allege that Defendant's deceptive claims regarding the benefits attributed to FitFlop Footwear allowed them to charge premium prices compared to standard footwear. (FAC ¶ 7.) Had the product been labeled accurately, Plaintiffs allege they would not have been willing to pay as much for the sandals as they did, or would have refused to purchase the product altogether. (FAC ¶¶ 9–10.) Because Plaintiffs did purchase FitFlop Footwear at the premium price,

they suffered an economic injury for the basis of UCL standing.

■ Next, Defendant argues that Plaintiffs lack standing because they have not sufficiently alleged that Defendant is responsible for the statements made in the advertising they relied upon, and thus have failed to plead that Defendant caused the injury. A UCL plaintiff must plead facts demonstrating that her injury resulted from the Defendant's alleged misconduct. *In re Tobacco II Cases,* 46 Cal.4th 298, 328, 93 Cal.Rptr.3d 559, 207 P.3d 20 (2009). However, causation does not fail simply because there are several links in the causal chain, so long as they are linked in a plausible manner. *See Nat'l Audubon Soc., Inc. v. Davis,* 307 F.3d 835, 849 (9th Cir.2002). Here, Plaintiffs contend that Defendant provided and authorized the advertising to third-party retailers such as Victoria's Secret, and that Plaintiffs relied on this advertising when they made their purchase. (FAC ¶ 11.) Although Plaintiffs' theory requires links in a causal chain, the claim is not so attenuated to render it implausible. *See Maya,* 658 F.3d at 1070. Accordingly, Plaintiffs have standing to pursue the UCL claim.

Defendant also argues that Plaintiffs' UCL claim must be dismissed for failure to plead with particularity under Rule 9(b). Plaintiffs contend that the particularity requirement does not apply to all of their UCL claims, because they are distinct from common law fraud. (*Opp.* 6.)

■ UCL prohibits "unlawful, unfair or fraudulent business act[s] or practice[s]" and "unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. Each prong of the UCL is a separate and distinct theory of liability. *South Bay Chevrolet v. General Motors Acceptance Corp.,* 72 Cal.App.4th 861, 85 Cal.Rptr.2d 301, 316 (1999). While it is true that fraud is not a necessary element of a claim under some prongs of the UCL,

a plaintiff may nonetheless allege that the defendant engaged in fraudulent conduct. *See Vess v. Ciba–Geigy Corp. USA,* 317 F.3d 1097, 1103–04 (9th Cir.2003).

■ Here, Plaintiffs allege that Defendant's actions violate all three prongs of the UCL. (FAC ¶¶ 58–64.) However, after review of the FAC, the underlying basis for Plaintiffs' claim for each prong are predicated on Defendant's misleading advertising practices as a uniform course of fraudulent conduct. Plaintiffs allege that Defendant engages in false advertising, misrepresentations, and omissions of material facts regarding the purported benefits of FitFlop footwear. (*Id.*) Plaintiffs allege they were exposed to the misrepresentations through advertisements in third-party catalogs, product labels, and "hangtags." (*Id.* at 9–10.) In reliance on these representations, Plaintiffs purchased FitFlop footwear and suffered injury in fact by paying more than they would have for a similar product. (*Id.*) Plaintiffs contend that this alleged course of conduct is unlawful, unfair, and fraudulent within the meaning of the UCL. Therefore Plaintiffs allege that Defendant engaged in a uniform course of fraudulent conduct, and each of their claims are governed by Rule 9(b). *See Kearns,* 567 F.3d at 1125–26.

■ To satisfy Rule 9(b), Plaintiffs' complaint must identify the who, what, when, where, and how of the misconduct charged. Here, Plaintiffs meet this burden. Plaintiffs plead facts showing that Defendant misrepresented the health benefits of FitFlop footwear, as part of an extensive advertising campaign in both print and online media, as well as product labels and hangtags. (FAC ¶¶ 34–43.) Plaintiffs provide reproductions of Defendant's advertisements throughout the complaint, and attach substantially similar advertisements to the FAC which contain the alleged misrepresentations that serve as

the basis of Plaintiffs' claims. Additionally, the relevant time period Plaintiffs identify, between 2007 when FitFlop footwear first appeared on the market to the present, is sufficiently specific in the context of exposure to a long-term advertising campaign. *See Von Koenig v. Snapple Beverage Corp.*, 713 F.Supp.2d 1066, 1077–78 (E.D.Cal.2010). Lastly, Plaintiffs detail the language they relied upon in making their purchase, and attest that they would not have purchased FitFlop footwear had they known the claimed health benefits were false. (FAC ¶¶ 10, 16–31.) Taken together, Plaintiffs have apprised Defendant of the who, what, when, where, and how of the misconduct charged, and have satisfied Rule 9(b)'s particularity requirement.

Defendant further contends that Plaintiff's UCL claim fails to state a claim for relief that is plausible on its face. Defendant is correct that complaints alleging fraud must comply with the requirements of both Federal Rules of Civil Procedure 8(a) and 9(b). *See Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 828 (9th Cir.2003), overruled on other grounds by *Odom v. Microsoft Corp.*, 486 F.3d 541, 551 (9th Cir.2007) (en banc). Because Rule 8(a) requires the pleading of a plausible claim, claims of fraud must, in addition to pleading with particularity, also plead plausible allegations. *See Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir.2011). That is, the pleading must state "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the misconduct alleged]." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

 However, Defendant's plausibility argument misses the mark. Defendant contends that Plaintiffs have alleged no plausible factual basis that would support a finding that FitFlop footwear is not as advertised, and thus have not been injured. (*Def.'s Reply* 4 [Doc. 18].) This argument is not persuasive as Plaintiffs point to several studies involving toning fitness shoes that support their contention that these shoes have no beneficial effect on exercise intensity, improved muscle strength, or toning. (FAC ¶¶ 36–42.) To the degree that Defendant contests the *validity* of this evidence as applied to FitFlop footwear, this argument is premature for a motion to dismiss. Plaintiffs state a claim for relief that is plausible on its face within the parameters of Rule 8(a).

 Finally Defendant argues, for the first time in its reply brief, that Plaintiffs' claims fail because the statements they identified in Defendant's advertising are non-actionable puffery. (*Def.'s Reply* 6.) This court does not consider arguments raised for the first time in a reply brief, as to do so would unfairly deny the non-moving party an opportunity to respond. *See In re Intuit Privacy Litig.*, 138 F.Supp.2d 1272, 1275 n. 3 (C.D.Cal.2001); *cf. Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir.2007) ("The district court need not consider arguments raised for the first time in a reply brief."). The court will therefore not consider the puffery issue at this time.

Defendant's motion to dismiss this claim is **DENIED.**

### 2. *Plaintiffs' CLRA Claim*

Plaintiffs' second cause of action alleges Defendant engages in practices that violate the CLRA by representing its FitFlop footwear through advertisements and product labels that were unsubstantiated, false, and misleading. Specifically, Plaintiffs claim that Defendant violated the act by engaging in the following proscribed actions: "[r]epresenting that [FitFlop footwear has] ... approval characteristics, ... uses [or] benefits ... which [it does] not have ...," Cal. Civ.Code. § 1770(a)(5),

"[r]epresenting that [FitFlop footwear is] of a particular standard, quality or grade ... if [it is] of another," § 1770(a)(7), "[a]dvertising goods ... with intent not to sell them as advertised," § 1770(a)(9), and "[r]epresenting that [FitFlop footwear has] been supplied in accordance with a previous representation when [it has] not," § 1770(a)(16). Defendant moves to dismiss this claim based on lack of standing, Plaintiffs' failure to provide statutory notice pursuant to Cal. Civ.Code. § 1782(a) ("30 Day Letter") and failure to plead with particularity under Rule 9(b).

First, Defendant claims that Plaintiffs lack standing under the CLRA because Plaintiffs have not claimed how Defendant's conduct caused them an injury. Similar to the standing requirement for the UCL, a CLRA action may be brought by "[a]ny consumer who suffers any damage as a result of the use or employment by any person of a method, act, or practice declared to be unlawful by Section 1770." Cal. Civ.Code § 1780(a). As discussed above, Plaintiffs have sufficiently plead facts alleging economic injury caused by defendant's alleged misleading advertisements. As a result, Plaintiffs have standing under the CLRA.

Second, Defendant asserts that Plaintiffs did not send a 30 Day Letter as required by 1782(a) in a CLRA action for monetary damages. Cal. Civ.Code. § 1782(a). However, 1782(d) allows a plaintiff to bring a CLRA action for injunctive relief without compliance with the notice provisions of subdivision (a). *See* Cal. Civ.Code. § 1782(d). Not less than 30 days after the commencement of the action, and after complying with the notice provision of subdivision (a), the plaintiff may amend her complaint to include a request for damages. *Id.*

Here, Plaintiffs' first complaint sought only injunctive relief, restitution, and disgorgement, but not monetary dam-

ages. (Compl. ¶ 73.) The same day Plaintiffs filed their first complaint they mailed the CLRA 30 Day Letter to Defendant. (*Id.* ¶ 74.) After waiting over 30 days, Plaintiffs amended their complaint to include monetary damages. (FAC ¶ 75.) This is sufficient notice for a CLRA action. *See Stickrath v. Globalstar, Inc.,* 527 F.Supp.2d 992, 1001 (N.D.Cal.2007); *Henderson v. Gruma Corp.,* CV 10–04173 AHM AJWX, 2011 WL 1362188, at *10 (C.D.Cal.2011).

Defendant claims that Plaintiffs did not comply with Rule 9(b)'s particularity requirement in alleging that it violated the CLRA. However, Plaintiffs' claims that Defendant violated subsections (5), (7), (9), and (16) are all based on the same course of fraudulent conduct alleged in relation to their UCL claim. Specifically that Defendant knew, or should have known, that its representations of FitFlop footwear through its advertisements were unsubstantiated, false, and misleading. (FAC ¶ 72.) As discussed above, Plaintiffs have plead Defendant's alleged fraudulent conduct with specificity for purposes of both their UCL and CLRA claims.

Defendant's motion to dismiss this claim is **DENIED.**

### 3. *Plaintiffs' Breach of Express Warranty Claim*

Plaintiffs' third and final cause of action alleges that by not providing footwear which could deliver the claimed benefits found on FitFlop footwear advertising, packaging, and hangtags, Defendant breached an express warranty. Defendant moves to dismiss based on Plaintiffs' failure to provide pre-suit notice of the breach and failure to state a breach of express warranty claim.

Defendant argues that Plaintiffs did not plead that they provided Defendant with pre-suit notice of the breach

of express warranty. *See* Cal. Comm.Code Sec. 2607. However, when claims are against a defendant in its capacity as a manufacturer, not as a seller, plaintiff is not required to give notice. *See Aaronson v. Vital Pharmaceuticals, Inc.,* 2010 WL 625337 (S.D.Cal.2010) (citing *Greenman v. Yuba Power Prods.,* 59 Cal.2d 57, 27 Cal. Rptr. 697, 377 P.2d 897 (1963)). Here, notice is not required because the suit is against Defendant FitFlop in its capacity as a product manufacturer. The named Plaintiffs purchased footwear from third party retailers, and did not deal with Defendant directly. (FAC ¶¶ 9–10.)

■■■ Next, Defendant argues that Plaintiffs have failed to adequately state a claim for breach of express warranty. To prevail on a breach of express warranty claim under California law, a plaintiff must prove: (1) the seller made an affirmation of fact or a promise, or otherwise described the goods; (2) the statement formed part of the basis of the bargain; (3) the express warranty was breached; (4) the plaintiff was harmed; and (5) the breach of warranty was a substantial factor causing the plaintiffs harm. *Morey v. NextFoods, Inc.,* 2010 WL 2473314, at \*2 (S.D.Cal.2010) (citing *Williams v. Beechnut Nutrition Corp.,* 185 Cal.App.3d 135, 142, 229 Cal.Rptr. 605 (1986)). Product advertisements, brochures, or packaging can serve to create part of an express warranty. *See* Cal. Com.Code § 2313(1)(b) (West 2002); *Fundin v. Chicago Pneumatic Tool Co.,* 152 Cal.App.3d 951, 957, 199 Cal.Rptr. 789 (1984). While this does not require that plaintiff relied on the individual advertisements, it does require that plaintiff was actually exposed to the advertising. *See In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Products Liab. Litig.,* 754 F.Supp.2d 1145, 1183 (C.D.Cal.2010).

■■■ Here, Defendant argues that Plaintiffs have failed to plead what the exact terms of the express warranty are, specifically that without identifying which advertisement Plaintiffs were exposed to they cannot adequately prove breach. Defendant is correct that a breach of express warranty claim must describe the exact terms of the warranty at issue. *See Stearns v. Select Comfort Retail Corp.,* 763 F.Supp.2d 1128, 1142 (N.D.Cal.2010). However, Plaintiffs claim they were exposed to numerous representations regarding the attributes of FitFlop footwear from advertisements and hangtags that are produced throughout the FAC. For example, Defendant's advertising claims that FitFlop footwear improves posture, increases muscle activation and toning, and reduces joint strain. These claims can form the terms of an express warranty. Plaintiffs produced evidence purportedly establishing that these claims are false, and thus have alleged facts that support breach of these terms of the express warranty.

Defendant's motion to dismiss this claim is **DENIED.**

### III. *MOTION TO STRIKE*

#### A. *Legal Standard*

■■■ A motion to strike is brought under Federal Rule of Civil Procedure 12(f). This rule provides that a court may strike from the pleadings any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R.Civ.P. 12(f). The function of a motion to strike is to avoid the unnecessary expenditures that arise throughout litigation by dispensing of any spurious issues prior to trial. *Chong v. State Farm Mut. Auto. Ins. Co.,* 428 F.Supp.2d 1136, 1139 (S.D.Cal.2006); *Sidney–Vinstein v. A.H. Robins Co.,* 697 F.2d 880, 885 (9th Cir. 1983). Rule 12(f) motions "are generally regarded with disfavor because of the limited importance of pleading in federal

practice, and because they are often used as a delaying tactic." *Neilson v. Union Bank of Cal., N.A.*, 290 F.Supp.2d 1101, 1152 (C.D.Cal.2003). Thus, courts generally grant a motion to strike only where "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Walters v. Fidelity Mortg. of Cal.*, 730 F.Supp.2d 1185, 1196 (E.D.Cal.2010) (citing *Lilley v. Charren*, 936 F.Supp. 708, 713 (N.D.Cal. 1996)).

## B. *Discussion*

■ Defendant moves to strike Plaintiffs' class allegations, arguing that individual issues overwhelmingly predominate and that the proposed class lacks standing and ascertainability. (*Mot. to Dismiss* 11–17). Plaintiffs counter, among other arguments, that Defendant's motion is premature. (*Opp'n* 15). The court agrees with Plaintiffs.

■ Determining whether to certify a class is normally done through a motion for class certification under Rule 23. It is true that a few courts have held that Rule 12(f) provides a means of striking class allegations. *See Sanders v. Apple Inc.*, 672 F.Supp.2d 978, 991 (N.D.Cal.2009); *Stearns v. Select Comfort Retail Corp.*, 763 F.Supp.2d 1128, 1153 (N.D.Cal.2010). However, such a motion appears to allow parties a way to circumvent Rule 23 in order to make a determination of the suitability of proceeding as a class action without actually considering the motion for class certification. *See Astiana v. Ben & Jerry's Homemade, Inc.*, 2011 WL 2111796 (N.D.Cal.2011). The Court finds that class suitability issues are best resolved during a motion for class certification. As a result, so long as class action allegations "address each of the elements of Rule 23, relate to the subject matter of the litigation, and are not redundant, immaterial, or impertinent," the court should find that the allegations are sufficient to survive a motion to strike. *See Clark v. State Farm Mut. Auto. Ins. Co.*, 231 F.R.D. 405, 407 (C.D.Cal.2005).[2]

Here Plaintiffs' allegations address each of Rule 23's requirements, relate to the subject matter of this litigation, and are not redundant, impertinent or immaterial. *See* (FAC ¶¶ 47–53.) Construing the FAC in the light most favorable to the Plaintiffs, as the Court must on a Rule 12(f) motion, Plaintiffs' class allegations are sufficient. Because Defendant's motion to strike is premature, the motion to strike is **DENIED.**[3]

## IV. Conclusion & Order

For the foregoing reasons, the Court **DENIES** Defendant's motion to dismiss, or in the alternative to strike [Doc. 14] as set forth above.

**IT IS SO ORDERED.**

---

**2.** *Accord Fasugbe v. Willms*, 2011 WL 3667440 (E.D.Cal.2011); *Astiana v. Ben & Jerry's Homemade, Inc.*, 2011 WL 2111796 (N.D.Cal.2011); *Beal v. Lifetouch, Inc.*, 2011 WL 995884, *7 (C.D.Cal.2011); *Defazio v. Hollister, Inc.*, 2008 WL 958185 (E.D.Cal. 2008); *Chong v. State Farm Mut. Auto. Ins. Co.*, 428 F.Supp.2d 1136, 1147 (S.D.Cal.2006)

*order vacated on reconsideration*, 2010 WL 2175842 (S.D.Cal.2010).

**3.** Of Course, "[w]hether Plaintiff[s] will be able to succeed on a motion for class certification, however, is an entirely separate matter to be decided at a later date." *Clark*, 231 F.R.D. at 407.