**A.J. OLIVER, Plaintiff,**

v.

**IN–N–OUT BURGERS, a California corporation dba In–N–Out Burger # 57, Defendant.**

**No. 12–CV–0767–H–(DHB).**

United States District Court, S.D. California.

Oct. 19, 2012.

Scottlynn J. Hubbard IV, Kristal A. McCain, and Khushpreet R. Mehton, Law Offices of Lynn Hubbard, Chico, CA, for Plaintiff.

Alana R. Chimes, Gregory Francis Hurley, Greenberg Traurig, LLP, Irvine, CA, for Defendant.

### ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT

MARILYN L. HUFF, District Judge.

On September 21, 2012 Plaintiff A.J. Oliver ("Plaintiff") filed a motion to amend his complaint against Defendant In–N–Out Burgers ("Defendant"). (Doc. No. 18.) On October 4, 2012 Defendant filed an opposition to the motion. (Doc. No. 20.) On October 15, 2012, Plaintiff submitted his reply to the opposition. (Doc. No. 22). The Court submitted the motion on October 15, 2012. (Doc. No.

21). For the reasons set forth below, the court **GRANTS** Plaintiff's motion to amend his complaint.

### Background

Plaintiff suffered a stroke 13 years ago and requires the use of a motorized wheelchair. (Doc. No. 1, ¶ 8.) Plaintiff alleges in his complaint that he encountered several barriers at Defendant's restaurant that interfered with his ability to use and enjoy the amenities that were offered at the facility. (Doc. No. 1, ¶ 11.) On March 30, 2012, Plaintiff filed a complaint against Defendant alleging four causes of action: (1) violation of the Americans with Disabilities Act of 1990 ("ADA"); (2) violation of the Disabled Persons Act ("DPA"), California Civil Code § 54; (3) violation of the Unruh Civil Rights Act ("the Unruh Act"), California Civil Code § 51; and (4) denial of full and equal access to public facilities, in violation of the California Health and Safety Code. (Doc. No 1.)

Plaintiff is seeking to amend his complaint to include additional barriers to access that he learned about during the course of litigation. (Doc. No. 18.) These additional barriers include issues with access to interior tables and incorrect signage on both interior and exterior tables. (*Id.*)

Defendant objects to the proposed amendments to the complaint on several grounds. First, it contends that Plaintiff should not be allowed to amend the complaint because he failed to meet and confer with Defendant before filing this motion. (Doc. No. 20.) Second, Defendant claims that Plaintiff's delay in amending the complaint has prejudiced it. (*Id.*) Finally, it argues that the proposed First Amended Complaint is deficient under both federal and state law. (*Id.*)

### Discussion

#### 1. Standard of Review

Federal Rule of Civil Procedure 15(a) allows a party leave to amend its pleadings once as a matter of right prior to service of a responsive pleading. Thereafter, "a party may amend that party's pleading only by leave of the court or by written consent of the adverse party and leave shall be freely given when justice so requires." Fed.

R.Civ.P. 15(a). This policy is "to be applied with extreme liberality." *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir.2001). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir.2004). The decision to grant leave to amend "is entrusted to the sound discretion of the trial court." *Pisciotta v. Teledyne Indus.*, 91 F.3d 1326, 1331 (9th Cir.1996)

## 2. Analysis

Plaintiff's motion to amend his pleadings should be granted, since all five factors discussed in *Johnson* weigh in his favor. *Johnson*, 356 F.3d at 1077. First, there is no evidence that Plaintiff has acted in bad faith in bringing this motion; it appears that he was unaware of the additional alleged barriers to access when he filed his original complaint. Defendant appears to argue that the filing was made in bad faith because Plaintiff did not consult with it before filing the motion in violation of both the Federal Rules of Civil Procedure and the Local Rules. (Doc. No. 20). Plaintiff responds that they had met and conferred about this issue during a Early Neutral Evaluation meeting on June 7, 2012. (Doc. No. 22). Federal Rule of Civil Procedure 15(a)(2) does not require that a party confer with their opponent before amending his complaint; it merely states that either consent of the opposing party or an order of the court is sufficient to allow amendment of the complaint after a responsive pleading has been filed. Fed. Rule Civ. Pro 15(a)(2). Civil Local Rule 83.4(a)(1)(g) does require counsel to meet and confer before scheduling any hearings whenever possible. Civil Local Rule 83.4(a)(1)(g). However, while the Court may take action to address a violation of Local Rule 83.4, it is not mandated to do so. Civil Local Rule 83.4(a). Accordingly, the court declines to deny the motion on the grounds that Plaintiff allegedly failed to meet and confer with Defendant.

Furthermore, it does not appear that there was any undue delay in bringing the motion.

The Court's scheduling order required "any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed on or before September 24, 2012." (Doc. No. 17)(emphasis omitted). Plaintiff filed his motion to amend his complaint on September 21, 2012, in compliance with the Court's order. (Doc. No. 18.) Defendant contends that Plaintiff purposefully waited until after Defendant had completed discovery to file its motion, in order to prejudice the Defendant. (Doc. No. 20.) However, Defendant is not precluded from conducting additional discovery to investigate the claims in the amended complaint, since the cut off date for discovery is March 22, 2013. (Doc No. 17.) Therefore, Defendant is not prejudiced by amendment of the complaint. *Johnson*, 356 F.3d at 1077.

It is not futile for Plaintiff to amend the complaint. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir.2011) (explaining that denial of leave to amend based on futility is improper if there is any set of facts which, if formally alleged, would constitute a valid claim). Defendant argues that amending the complaint would be futile because the amendment would not comply with state pleading requirements. (Doc. No. 20.) The California legislature has modified the pleading requirements for complaints alleging construction-related accessibility claims by requiring plaintiffs to allege the dates on which they encountered the access barriers and to verify the complaint. Cal. Code Civ. Proc. § 425.50. There are two problems with Defendant's position. First, state pleading standards do not apply in federal court. "Where state law directly conflicts with applicable provisions of the Federal Rules of Civil Procedure, federal courts must apply the Federal Rules—not state law." *Clark v. Allstate Ins. Co.*, 106 F.Supp.2d 1016, 1018 (S.D.Cal.2000). Here, the provisions of Cal.Code Civ. Proc. § 425.50 conflict with Federal Rule of Civil Procedure 8(a)(2), which only requires a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R.Civ.P. 8(a)(2). The court must apply the Federal Rules in this situation. Second, the amendments to Cal.Code Civ. Proc. § 425.50 are not operative until January 1, 2013. Cal.

Code Civ. Proc. § 425.50. Therefore, they would not apply to either the original complaint or the proposed amended complaint.

Defendant also alleges that Plaintiff is required to plead the dates of Plaintiff's visits to the restaurant so that Defendant can determine if the claims are barred by the statute of limitations. (Doc. No. 20.) Affirmative defenses, such as the statute of limitations must be pled by the Defendant. Fed.R.Civ.P. 8(c). Plaintiffs are not required to plead around anticipated affirmative defenses, including the statute of limitations. *See, e.g., United States v. McGee,* 993 F.2d 184, 187 (9th Cir.1993); *Kohler v. Flava Enterprises,* No. 10–CV–0730, 2010 WL 3238946, at *3 (S.D.Cal. Aug. 13, 2010). Therefore, Plaintiff is not required to plead the dates that he visited Defendant's establishment to satisfy the pleading requirements.

Finally, Defendant contends that Plaintiff must include in his pleading an explanation as to why he returned to the restaurant knowing that the barriers to access existed. (Doc. No. 17.) His argument rests on the amended language of Cal. Civ.Code § 55.56, which instructs the court to take into account the reasonableness of a plaintiff's conduct in light of his or her duty to mitigate damages. Cal Civ.Code § 55.56(h). First, this requirement does not appear to impose additional pleading requirements on Plaintiff. Second, even if it did, it would also conflict with Fed.R.Civ.P. 8(a)(2) and be inapplicable in federal court. *See Clark,* 106 F.Supp.2d at 1018.

Finally, Plaintiff has not sought to amend his complaint before now, therefore the final factor weighs in his favor. Accordingly, all of the *Johnson* factors weigh towards granting Plaintiff leave to amend his complaint.

Defendant requests that the Court grant leave for it to conduct additional discovery in the event that the Court grants Plaintiff's motion for leave to amend. (Doc. No. 20.) Plaintiff has consented to allow Defendant to take additional written discovery in his reply. (Doc. No. 22). The Court concludes that Defendant's request for additional deposition time is reasonable. The Court orders that Defendant be allowed to depose Plaintiff for four (4) additional hours, pursuant to Rule 26. Fed.R.Civ.P. 26(b)(2)(a). Additionally, the scope of both the written interrogatories and the deposition will be restricted to the new allegations in the amended complaint. Fed.R.Civ.P. 26(c)(1)(D).

### Conclusion

For the foregoing reasons, the Court grants Plaintiff's motion for leave to amend his complaint. Defendant is allowed to conduct additional discovery subject to the foregoing terms.

**IT IS SO ORDERED.**